The question for decision is whether the defendant's plea in abatement is sustainable. As drawn, the interposed plea sets out in comprehensive form its basis and concludes with prayer for judgment. So, also, the defendant appears specially for the limited purpose of substantiating its plea. The question posed is dependent upon the satisfaction of the statute which concerns the service of process upon private corporations.
The defendant is a corporation organized under the laws of the state of Connecticut and has its principal (and apparently only) place of business in Stamford. Hence the manner of service of process upon it is controlled by statute. The statute is now § 7774 of the Revision of 1949, the relevant provisions of which read: "In actions against private corporations, service shall be made either upon the president, the vice-president, the secretary, the assistant secretary, ... the teller or the assistant teller or its general or managing agent or upon any director resident in this state. In case none of such officers or directors can be found, service may be made upon the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." *Page 109 
The return of the purported service of process on the defendant corporation by Stephen Jarvis, a deputy sheriff for Fairfield County, dated January 31, 1952, reads: "Then and there by virtue hereof, of the original writ, and by direction of the Plaintiff's Attorney, I made service by leaving with the within named defendant, TURNER LIEDERTAFEL SINGING SOCIETY, INC., in the hands of Frank Chamberlain, Stewart, a true and attested copy of the within and foregoing writ, summons and complaint."
The evidence introduced at the hearing on the plea on April 4 disclosed the following matters of moment: The deputy sheriff knocked at the door of the defendant's place of business and was admitted by Chamberlain, whose status was that of a porter and bartender in the employ of the defendant corporation; the officers and directors of the corporation were all residents of Stamford; the deputy sheriff made no attempt to ascertain who such officers and directors were and their whereabouts. The evidence submitted did not disclose that such officers and directors could not be found for service of process or that the deputy sheriff endeavored to ascertain this fact.
"[W]here a particular method of serving process is pointed out by statute, that method must be followed, and the rule is especially exacting in reference to corporations." Amy v. Watertown, 130 U.S. 301,316, quoted with approval in FitzSimmons v.International Assn. of Machinists, 125 Conn. 490,493; and see 42 Am. Jur. 92, § 107.
The statute provides for service of process upon private corporations under two alternative sets of circumstances: (1) by service upon designated officers or resident directors; or (2), if such cannot be found, then by service upon any person in charge of the business of the corporation or in charge of the principal office or place of business. *Page 110 
As to (1): Chamberlain, the porter-bartender, does not satisfy the status of any officer upon whom service of process could be properly made, unless it could be said that his status comes within the statutory designation of "managing agent." On the evidence, he does not satisfy the requirements pertaining to this designation. See discussion of the term "managing agent" in 42 Am. Jur. 94, § 109. As to (2): Since it does not appear that any of the officers or directors of the corporation could not be found, this phase of the statute has no application.
 Judgment is required to be entered sustaining the plea.
That the effect of this judgment may be a bar to the plaintiff proceeding in the future against the specially appearing defendant because of the statute of limitations is an unfortunate circumstance, but one over which the court has no control.