MARJORIE REED ET AL. *v.* IBSEN BROTHERS, INC.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 131091
AT NEW HAVEN

Memorandum filed August 15, 1974

*FitzGerald, Maretz, Gorman & Tiernan,* of New Haven, for the plaintiffs.

*Celentano & Gildea,* of New Haven, for the defendant.

RUBINOW, J. On June 6, 1974, the plaintiff Marjorie Reed, hereinafter called the plaintiff, gave the defendant notice of her intention to take the deposition of Fred Moalmberg, described in the notice as "Defendant's employee." On June 14, 1974, the defendant filed a document entitled "Motion for Protective Order," in which the defendant stated that it "objects to Notice of Deposition . . . for the reason that [Fred Moalmberg] is not a named party defendant, nor is he an officer of the defendant corporation." The parties have construed these documents as raising the issue whether, under Practice Book § 186, the defendant is entitled to a protective order, on the ground that, when the plaintiff was allegedly injured, Moalmberg was not a managing agent[1] of defendant and is, therefore, not subject to having his deposition taken under Prac-

---

[1] The plaintiff does not claim that Moalmberg was either an officer or a director of the defendant.

tice Book § 185.[2]  The court will decide this issue, on which the parties have presented evidence.

The evidence showed that, on the day the plaintiff was allegedly injured, Moalmberg was a journeyman carpenter for the defendant; that, from time to time, he also acted as foreman of the crew working on a given construction or repair project; that the employment as foreman did not result in any additional compensation, but did carry with it additional supervisory and limited discretionary duties; that, on the repair project which is the subject of the present action, Moalmberg was acting as foreman; and that on this job, as on any other job in which he acted as foreman, he was subject to the supervision of one of the owners of the corporation. Restated with reference to this evidence, the issue is whether Moalmberg was, on the basis of this evidence, a "managing agent" and, therefore, a prospective deponent under Practice Book § 185.

The words "managing agent" are not words of art.  They are used commonly in three categories of state and federal rules and statutes, and have been construed differently in each of those categories.

In the first category are the statutes providing for service of process on a managing agent.  See, e.g., General Statutes § 52-57; *Westhelle* v. *Turner Liedertafel Singing Society, Inc.*, 18 Conn. Sup. 107; *Simmons* v. *Defiance Box Co.*, 148 N.C. 344. Here, a primary consideration is whether the duties of the person on whom the process is served are such that the corporation would normally be informed that the service had been made.  See 19 Am. Jur. 2d § 1466; note, 71 A.L.R.2d 175, 184.

---

[2] "[Practice Book] Sec. 185.  DEPOSITIONS OF PARTIES . . . [A]ny party who has appeared in a civil action may . . . take and use the deposition of any other party who has appeared, and if any party is a public or private corporation . . . then of any present or former officer, director, . . . or managing agent of such party. . . ."

In the second category are the rules and statutes providing that a managing agent may be examined by an adversary as on cross-examination. See, e.g., General Statutes § 52-178; *Skogen* v. *Dow Chemical Co.*, 375 F.2d 692, 701 (F.R.C.P. Rule 43 [b]). Here, a primary consideration is whether the agent identifies his interests with those of the principal and whether the agent has authority over and knowledge about the subject matter of the litigation. *Skogen* v. *Dow Chemical Co.*, supra.

In the third category are the rules permitting a party to take a deposition of a managing agent of a corporation. The present controversy is concerned only with the meaning of "managing agent" in such rules. Because different considerations apply here, cases determining the meaning of "managing agent" in the first and second categories are not relevant.

The need for special rules concerning depositions by corporate parties arises out of the fact that a "corporation has no voice of its own and must speak through someone." Note, "Discovery against Corporations under the Federal Rules," 47 Iowa L. Rev. 1006, 1007. Hence, corporation-deposition rules, both in state and federal courts, specify particular corporate personnel who may be made deponents.

In construing these corporation-deposition rules, the federal courts have looked to see what the rules are trying to accomplish and have recognized that a narrow and technical meaning for "managing agent" would frustrate the purpose of the rules. "A party's right to use the deposition of a managing agent of a corporation . . . would in many cases be an empty right indeed if only those persons came within the category of 'managing agent' whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its cus-

tomers and suppliers." *Rubin* v. *General Tire & Rubber Co.,* 18 F.R.D. 51, 55. If an employee is a managing agent only when he has broad general powers to exercise judgment and discretion in corporate affairs and "the corporation is required to produce only its high-level officers and employees, the usefulness of discovery is greatly reduced because such employees frequently have little knowledge of the information sought to be discovered. Accordingly, there has been a discernible trend toward minimizing the requirement that an employee have broad general powers and toward classifying him as a managing agent if he in fact supervises the corporate activities which form the subject matter of the information sought." Note, 47 Iowa L. Rev. 1010.

These rules of construction make significant the facts that Moalmberg was not subjected to continuous supervision; that he was "in charge of" the day-to-day and hour-to-hour operations on the subject project; that there was no one with greater authority on the project for most of the time; and that, although he did not have hire-and-fire authority, he could relieve men of their duties on the project. These facts establish that, with respect to the project which is the subject of the present suit, he was the corporation's "managing agent" within the meaning of that phrase in Practice Book § 185.

The defendant's motion for a protective order, dated June 14, 1974, is denied.