LILLIAN NELSON *v.* STOP AND SHOP COMPANIES, INC. (9675)

O'CONNELL, LANDAU and LAVERY, Js.

---

638

Argued June 11—decision released September 3, 1991

*William F. Gallagher,* with whom were *Donald G. Walsh* and, on the brief, *Elizabeth A. Gallagher,* for the appellant (plaintiff).

*Dion W. Moore,* with whom, on the brief, was *Bruno deBiasi,* for the appellee (defendant).

LAVERY, J. The plaintiff appeals challenging the trial court's granting of a motion to dismiss her personal injury action on the ground of improper service of process and its subsequent denial of her motions to reargue and to set aside the judgment of dismissal. The plaintiff claims that the trial court was incorrect in (1) granting the defendant's motion to dismiss where the only evidence offered by the defendant was an affidavit that was contradictory on its face and failed to satisfy the defendant's burden of proof, (2) refusing to set aside the judgment where the court had decided the motion to dismiss in a manner directly contradictory to the rule of law set out in *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 492 A.2d 159 (1985), and (3) making factual findings without hearing testimony.

The facts pertinent to the resolution of this appeal are as follows. On June 29, 1990, the plaintiff filed a personal injury suit against the defendant, a Massachusetts corporation with its principal place of business in Braintree, Massachusetts. The defendant is a supermarket chain with a number of supermarkets located in the state of Connecticut. A deputy sheriff attempted to serve the defendant corporation by leaving a true and attested copy of the writ, summons and complaint in the hands of Frank DeVince, operation store manager of one of the defendant's supermarkets located on Whitney Avenue in Hamden.

In its motion to dismiss, the defendant alleged that leaving the writ, summons and complaint in the hands of the operation store manager at the Whitney Avenue store was improper in that it did not comply with the requirements of General Statutes § 52-57 (c)[1] for service of process. In support of its motion, the defendant offered an affidavit signed by Raymond J. Bucci, Jr., that stated in part: "On information and belief, service of process, in the instant case, was made upon Frank DeVince, Operation Store Manager. While Mr. DeVince is an employee of the Stop & Shop Companies, Inc., he is not a president, vice-president, assistant vice-president, secretary, assistant secretary,

---

[1] General Statutes § 52-57 (c) provides: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-400."

treasurer, assistant treasurer, cashier, assistant cashier, teller, assistant teller, general or managing agent or manager. Neither is Mr. DeVince a director of the Stop & Shop Companies, Inc., and he has no authority to accept service of process on behalf of the Stop & Shop Companies, Inc.

"The first notice the Stop & Shop Companies, Inc., had of the existing lawsuit was by virtue of a letter dated *August 7, 1990,* from plaintiff's counsel indicating that no appearance had been received and that he would soon be moving for a default for failure to appear." (Emphasis added.)

Although this affidavit was signed by Bucci, it contains no other identification of the affiant nor does it indicate his capacity to make the assertions contained therein. At the hearing on the motion to dismiss, the defendant's attorney stated that the affiant is an officer of the company, but he admitted he did not know Bucci.

The plaintiff filed an affidavit signed by the deputy sheriff who had served DeVince, that states in pertinent part: "On June 27, 1990, I went to the Stop & Shop Company on 1245 Dixwell Avenue, Hamden, Connecticut, identified myself and stated the purpose for which I was there.

"I was referred to Mr. Frank DeVince, who identified himself as the Operation Store Manager. I identified myself and stated that I was there to serve papers upon the Stop & Shop Companies, Inc.

"Mr. DeVince accepted the papers, and never indicated that he was unauthorized to accept service."

No testimony or other evidence was offered by the plaintiff or the defendant. After oral argument, the court granted the motion to dismiss. The motion to reargue and the motion to set aside the dismissal were

denied, and the plaintiff brought the present appeal. No testimony or evidence was offered on the motions to reargue and to set aside.

On appeal, the defendant argues that service of process was not made in accordance with the provisions of § 52-57 (c) because the operation store manager of the branch supermarket was not the "general or managing agent or manager" of the defendant.

The trial court, in its response to a motion for articulation, stated in pertinent part: "Connecticut courts have not defined 'manager' under [General Statutes § 52-57 (c)]. . . . The facts do not reveal that the individual served has sufficient authority to be qualified to receive service of process. Requiring employees to be entrusted with responsibility ensures that appropriate officials will be notified that process has been served upon the corporation. The operations store manager of one of hundreds of stores is not the manager of a foreign corporation contemplated by the statute."

The dispositive issue in this case is whether the plaintiff's failure to offer any evidence on the duties of the person served is fatal to her opposition to the defendant's motion to dismiss based on defective service. We conclude that the plaintiff's failure to offer evidence or testimony relating to the position and responsibilities of the individual accepting service on behalf of the defendant is fatal, and we affirm the judgment of the trial court.

When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 561 A.2d 931 (1989).

As the trial court stated in its articulation, our appellate courts have not defined "manager" under § 52-57 (a).

In *Reed* v. *Ibsen Bros., Inc.,* 31 Conn. Sup. 160, 161 (1974), however, the Superior Court has identified relevant factors to be considered when a court undertakes a determination of who is a managing agent authorized to accept service of process on behalf of a private corporation. Such a determination requires that the factfinder establish whether the duties of that person are such that the corporation would, in the normal course, be informed that the service has been made. We adopt this standard and hold that under § 52-57 (c) the terms "or its general or managing agent or manager" are concommitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person. 17 A.L.R.3d 625, 630.

A determination of the position, rank, duty and responsibilities of the person served is a question of fact. Our Supreme Court has held that in cases where constructive service of process is employed and, "[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 54, 459 A.2d 503 (1983). Thus, the burden of proving whether the operation store manager met the criteria required by the statute was on the plaintiff.

In the case before us, no evidence was offered by the plaintiff from which the factfinder could determine the duties of the individual who was served with process, nor did the plaintiff seek a continuance for the purpose of obtaining such evidence. The plaintiff offered an affidavit stipulated to by the defendant stating what the serving officer did, but the plaintiff did not seek to offer testimony concerning the position, rank, duties and responsibilities of the operation store manager who was served. The trial judge is a neutral arbiter and it is not

his responsibility to instruct counsel. *Swenson* v. *Dittner,* 183 Conn. 289, 298, 439 A.2d 334 (1981). On the basis of the facts before it, the trial court found that the individual served lacked sufficient authority to be an appropriate agent for service of process on the defendant. Because the plaintiff did not sustain her burden of proof of the operation store manager's authority, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.