[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
This suit was brought by a minor and his father to recover damages for inquires that the plaintiffs claim were caused by the defendant's negligent operation of a ride-on lawn-mower. The incident giving rise to the lawsuit is alleged to have occurred on Luna Trail Extension in Southbury on or about August 3, 1989.
At issue is whether the process by which the suit was initiated was validly served upon the defendant. Service was accomplished on August 2, 1991 when a deputy sheriff acting in accordance with General Statutes Section 52-59b left a copy of the writ, summons and complaint with the Secretary of the State and later on the same day mailed a copy by certified mail, return CT Page 1227 receipt requested, to the defendant at 1228 24th Street, No. 35, Vero Beach Florida 32962.
Pursuant to Practice Book Section 143 the parties submitted reports, affidavits and depositions. From them the facts set forth below have been established.
 I.
In January, 1990, the defendant was divorced and moved from the former marital residence at 120 Luna Trail Extension Southbury. Subsequently he moved into the house of Bertha Evron and her daughter Jean at 490 North Spring Street, Naugatuck. Investigators hired by the plaintiffs' attorneys learned that the defendant had left the North Spring Street house and had directed the Naugatuck Post Office to forward his mail to 1228 24th Street, No. 35, Vero Beach, Florida 32962.
Information that the plaintiffs' attorneys received from the Vero Beach Police Department was that the defendant was involved in complaints that were made on August 10, 1990 and October 11, 1990. Prior to the earlier date the defendant was confined to an alcohol treatment center. On the latter date, he was referred to the Vero Beach Health Center.
1228 24th Street in Vero Beach is the location of a mobile home park known as Vero Mobile Home Village. Number 35 refers to a specific mobile home in the "village". On September 23, 1991, the defendant's lawyers obtained an affidavit from Bea Scott who, on that date, said she had resided for the past two years in a mobile home known as unit 34 which was next door to unit 35. In her affidavit, Bea Scott said unit 35 was vacant and had been vacant for approximately eight months. In her affidavit, Bea Scott also said that she knew of no person by the name of Lewis Wright or Lucas Wright.
Subsequently on December 10, 1991, the depositions of Anthony and Janet Seigafuse were taken on the defendant's behalf at West Palm Beach, Florida. In 1991, Anthony and Janet Seigafuse were the managers of Vero Mobile Home Park or Village and had resided there prior to 1991. The park owners rent out trailers to tenants and number 35 is one of their units. Anthony and Janet Seigafuse knew the defendant and stated that he had not resided in the mobile home park since before January 1, 1991. They also stated that unit 35 had been vacant since "she" left on the first week of March, 1991.
The defendant's deposition was taken on December 19, 1991 in Waterbury. In his deposition the defendant said that he went to Vero Beach with Jean Evron and resided with her in a trailer CT Page 1228 known as unit 35 which he rented from the manager Mrs. Seigafuse at 1228 24th Street. The defendant described his stay in Florida as three months from July or August until some time in October, 1990. He estimated his time in the mobile home as one and one-half months and the remainder of the time as a patient in hospitals at Vero Beach and Fort Pierce. Upon discharge from the County Hospital at Fort Pierce, the defendant parted company with Jean Evron returning to the mobile home only twice to recover belongings.[1] The defendant stated that he returned to Connecticut on October 31, 1990 and spent time in Waterbury and Danbury Hospitals and at Fairfield Hills. From February until August 1991 the defendant was confined to Cheshire Correctional Center as going to Florida had been a breach of a probationary sentence. When the deposition was taken, the defendant was living at 10 Second Avenue, Waterbury after spending some time at St. Vincent de Paul's Shelter.
 II.
Jurisdiction over the person means that service of process was accomplished at a time, in a form and in a manner sufficient to satisfy statutory requirements. Bridgeport v. Debek, 210 Conn. 175,180 (1989). When service is made either in-hand or at a Connecticut abode, the factors underlying validity are usually established by the presumption of truth that covers matters stated in the officers return. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 52-53 (1983). Where constructive service is involved, specifically long-arm statutes, jurisdiction over the person is based on more than the officer's return. And there is no presumption of truth in these additional jurisdictional facts. Id. at 53; 1 Stephenson, Connecticut Civil Procedure (2d Ed.) Section 96 p. 390. From this distinction comes the rule that when in personam jurisdiction is attacked in a case of constructive service, the burden is on the plaintiff to establish the jurisdiction upon which he relies. Standard Tallow Corporation v. Jowdy, supra at 53-54. See Nelson v. Stop Shop Cos., 25 Conn. App. 637, 642 (1991).
The affidavits, reports and depositions have been examined with care and repeated at length in the court's finding of facts. From the finding, the court can only conclude that the plaintiffs have not met their burden. Moreover, the court concludes that the defendant's state of residence was Connecticut on August 3, 1989 when the incident occurred and was Connecticut, and not Florida on August 2, 1991 when the constructive service was accomplished. The defendant is correct in his claim that service under Section52-59b, which applies only to non-residents, was invalid and did not give the court jurisdiction over his person. White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16 (1980). The statute governing service in this case is Section 52-57. CT Page 1229
A reading of D'Occhio v. Connecticut Real Estate Commission,189 Conn. 162 (1983) cited by the plaintiff shows it to be inapposite to the situation at hand.[2] Accordingly, the defendants' motion is granted and the case is dismissed.
BARNETT, J.
ENDNOTES