[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has moved to dismiss the action on the grounds that service of process was made upon Thomas B. Kies, the advertising sales manager of the defendant corporation, and that such service was defective in that the plaintiff has failed to serve an individual described in General Statutes 52-57 (c).
Following an evidentiary hearing, it is apparent that Mr. Kies is not an officer or a director of the defendant corporation nor is he the statutory agent for service of process. Accordingly, in order for the court to exercise jurisdiction in this matter, the plaintiff must satisfy its burden by demonstrating that Mr. Kies was the "general or managing agent or manager of the corporation; "the person in charge of the business of the corporation"; or was "in charge of the office of the corporation" as those terms are used within the meaning of General Statutes 52-57
(c).
From the evidence produced at the hearing, Mr. Kies is not a person who is in charge of the business of the corporation nor was he, at the time of service, in charge of the office of the corporation. Mr. Kies was the advertising sales manager of the company and his duties and obligations were limited to that capacity. The duties and functions of Mr. Kies did not encompass accepting service on behalf of the company and he was not authorized to do so.
Accordingly, the court holds that Mr. Kies was an individual who lacked sufficient authority to be an appropriate agent for service of process thereby requiring dismissal of the action. Nelson v. Stop Shop Companies Inc., 25 Conn. App. 637, 643
(1991); Hyde v. Richard, 145 Conn. 24 (1958). The failure of the plaintiff to make service upon an appropriate individual calls into question the jurisdiction of the court and requires the dismissal of the action regardless of whether the defendant was prejudiced by such action. Tarnopol v. Connecticut Siting Council, 212 Conn. 157,166 (1989).
Accordingly, the Motion to Dismiss is granted.
RUSH, J. CT Page 4229