[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant Merritt Medical Center Owners' Corporation, a Connecticut corporation, has filed a motion to dismiss this action on the ground of lack of personal jurisdiction over the defendant because the complaint was not properly served upon one of the officers or agents listed in 52-57(c) of the Connecticut General Statutes who can be served in an action against a corporation. The plaintiff claims that the motion to dismiss must be denied since it was not filed within thirty days after the defendant filed an appearance, as required by 142 and 144 of the Practice Book, and that there was proper service here which complied with 52-57(c) of the General Statutes.
On June 1, 1993 the court granted a motion to open the judgment against the defendant because the court did not have jurisdiction over it since service of the complaint was not made on one of the persons upon whom process can be served in an action against a private corporation pursuant to 52-57(c). The judgment was also opened on a second ground that the defendant never received notice of the default judgment against it. The complaint in this action was served on November 22, 1991. A motion for default for failure to appear was entered against the defendant on January 9, 1992. A judgment after default was entered on September 18, 1992. On February 11, 1993, after the judgment, the defendant entered an appearance. Within thirty days thereafter, on March 4, 1993 the defendant filed a motion to open the judgment for lack of notice and failure to serve a proper agent of the corporation under52-57(c). That motion was granted on June 1, 1993.
The court agrees with the defendant that the motion to dismiss is not barred by 142 and 144 of the Practice Book. The motion to open the judgment was a direct attack upon the judgment itself on lack of personal jurisdiction over the defendant, and it was filed within thirty days after the defendant's appearance filed February 11, 1993. A motion to dismiss under 142 of the Practice Book is designed for a pending action, not a case which is gone to judgment. It was necessary for the defendant to open the judgment CT Page 8803 against it and revive the case before it could file any pleadings addressed to the complaint, including a motion to dismiss. Since the motion to dismiss was filed on June 14, 1993, less than thirty days from the opening of the judgment, there was no waiver of the right to file a motion to dismiss under 144 of the Practice Book.
After hearing the motion to open the judgment and reviewing the affidavits submitted with it from Dr. Walter Lucia, Rosemary Dudak, Dr. Lawrence Lipton and Dr. Walter Shanley, the court concluded that Rosemary Dudak was not employed by an had no agency relationship with the defendant Merritt Medical Center, and that Dr. Walter Lucia was not employed by Merritt Medical Center Owner's Corp. On October 21, 1991 Rosemary Dudak was employed by Dr. Lucia at his office at 3715 Main Street, Bridgeport, Connecticut, the same business address as Merritt Medical Center, operated by Merritt Medical Center Owner's Corp.
The sheriff's return dated November 22, 1991 states that service of the complaint was personally served on Rosemary Dudak the "person in charge at time of service, who accepted service for and on behalf of Merritt Medical Center Owners Corp." However, a sheriff's return is only prima facie evidence of the facts stated in it and is subject to rebuttal. Cugno v. Kaelin, 138 Conn. 341,343; Plonski v. Halloran, 36 Conn. Sup. 335, 336. The deputy sheriff, Charles Valentino, testified that he was attempting to make service upon Charles Neiditz, who he knew was the agent for service of the defendant corporation. He went to the office of Charles Neiditz on the fourth floor of 3715 Main Street, and encountered Rosemary Dudak. Dudak was Dr. Walter Lucia's secretary. It is unclear from the record whether she also worked for Charles Neiditz. When the sheriff asked for Neiditz, he was informed by Dudak that Neiditz was not there. The sheriff then inquired whether Dudak was in charge of the office. While she evidently made an affirmative response, and the sheriff left a copy of the complaint with her, it is unclear whose office was being referred to and what was understood by the discussion both by the sheriff and Dudak. It is clear, however, that Dudak was not served at an office of the defendant corporation and that she was not an employee, officer or agent of the corporation. The building at 3715 Main Street contains twenty or thirty offices, occupied by doctors, attorneys and other businesses.
Section 52-57(c) of the General Statutes lists the persons who may be served with process in an action against a private corporation. They are: CT Page 8804
 "the president, the vice president, and assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is of the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."
Rosemary Dudak may have been in charge at the office of Dr. Walter Lucia, but she was not a person in charge of any office of the defendant corporation. The plaintiff claims that the sheriff was attempting to serve Charles Neiditz, the agent for service of the corporation. Assuming Neiditz was the statutory agent for service of process, or a person who could be served under 52-57(c), it has not been proven that Rosemary Dudak was in charge of the office of Charles Neiditz. Moreover, even if she was, the plaintiff cannot rely upon the concept of implied authority of a secretary to accept service on behalf of a statutory agent of a corporation. Goldberg v. Rodriguez, 41 Conn. Sup. 1, 4. The service of a writ of summons and the complaint must be either personally served or left at the usual place of abode of the person being served. Section 52-54
C.G.S. While the sheriff may have been misled by his discussion with Dudak, neither the defendant corporation nor Neiditz as its agent were properly served as required by statute.
When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate. Nelson v. Stop Shop Companies, Inc., 25 Conn. App. 637, 641, citing Tarnopol v. Connecticut Siting Council, 212 Conn. 157. The person who accepts the papers from the sheriff does not have to indicate that he or she was unauthorized to accept service, and unless it is one of the persons specified in52-57(c) the complaint is not properly served. Nelson v. Stop 
Shop Companies, Inc., supra, 640, 641. See also United Food 
Commercial Workers Local 919 v. The Norwalk Hour,6 Conn. L. Rptr. 390
(1992) (Rush, J.). The plaintiff has the burden of proof in establishing jurisdiction when a motion to dismiss is filed to show the connection between the person served and the corporation, and CT Page 8805 that a proper person under the statute was served. Nelson v. Stop Shop Companies, Inc., supra, 642. Even if Dudak did work for Neiditz she clearly was not employed by the defendant corporation, and her acceptance of the complaint did not confer jurisdiction over the defendant.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE