[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #125
This motion is made on behalf of an apportionment defendant[1] claiming that this court lacks personal jurisdiction. David Distasio, the apportionment defendant in this case, is the plaintiff in a companion matter CV 95 0127201 Disasio v. Delpo. The plaintiff in this action was a passenger in an automobile operated by the apportionment defendant Distasio. The Distasio vehicle collided with an automobile operated by the defendant in this case Armond Delpo, who is also the defendant in the companion case brought by Distasio, the apportionment defendant here Because the plaintiff in this action did not sue his driver Distasio, the defendant, Delpo, has moved to make Distasio a defendant for apportionment. Delpo received permission to implead Distasio and served him by serving Attorney Leonard Crone, Distasio's attorney in the companion case. Distasio in this motion, claims that he never authorized Attorney Crone to accept service on his behalf and therefore has not been properly served with process.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). A "motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person." Practice Book § 143;Knipple v. Viking Communications, Ltd., 236 Conn. 602, 604 n. 3,674 A.2d 426 (1996). "Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." GeneralMotors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223, 227,535 A.2d 396 (1988). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Deliov. Earth Garden Florist, Inc., 28 Conn. App. 73, 77,609 A.2d 1057 (1992). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Carl J.Herzog Foundation, Inc. v. University of Bridgeport, 41 Conn. App. 790,793, 677 A.2d 1378, cert. granted 239 Conn. 907, ___ A.2d ___ (1996).
The January 22, 1996 return of service indicates that the sheriff served Distasio by leaving a copy of the motion to cite in, order and cross-complaint in the hands of "Leonard Crone, Attorney and Agent for Service" for David Distasio. Although at the time of service, Crone was Distasio's attorney in the companion matter,[2] Distasio claims that service on Attorney Crone in this matter was not authorized by him and improper, and thereby deprives the court of jurisdiction over him. Delpo concedes Distasio never was served personally or at his usual place of abode. CT Page 628
General Statutes § 52-57 (a) states that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Additionally, General Statutes § 52-54 provides in part that: "[t]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. . . ."
"When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop Shop Cos.,25 Conn. App. 637, 641, 596 A.2d 4 (1991). Unless a statute provides otherwise, "[t]here is no substitute for in-hand or abode service . . . where jurisdiction over the person of a resident individual is sought. (Internal quotation marks omitted.)Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163,561 A.2d 931 (1989). Moreover, "[w]hen a new party is cited as a defendant he is entitled to the same service that would have been required if made a defendant at the beginning of the action. The stage of the proceedings at which it is sought to make him a defendant cannot, for obvious reasons, enlarge the court's power to reach him." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 122b.
The court recognizes that once an action is instituted against a party, "service may in some cases be made on an attorney who has appeared on behalf of a client. In general, however, an attorney is not authorized by general principles of agency to accept service of original process on behalf of a client." Keith v. Mellick Sexton, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552399 (April 2, 1996, Wagner, J.). "In the absence of a controlling statute, an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established." 7 Am.Jur.2d, Attorneys at Law § 146 (1990). The burden of establishing that the authority to receive process exists between the person served and the defendant lies with the plaintiff.Keith v. Mellick Sexton, supra; 62B Am.Jur.2d, Process § 234 (1990).
In the present case, Distasio was not a party to the original CT Page 629 action. Attorney Crone attests that he was never designated Distasio's agent for service of process, nor had he ever agreed to accept service of process on behalf of Distasio. (Crone Aff., ¶ 2). Distasio attests that process was not personally served upon him and that he never authorized Crone to accept service of process on his behalf. (Distasio Aff., ¶¶ 4, 5). Delpo does not offer any evidence indicating Distasio specifically conferred agent status upon Attorney Crone. There exists no statutory authority permitting the method of service attempted by the defendant Delpo in the present case and therefore the court has no personal jurisdiction over Distasio.
The Motion to Dismiss (#125) of the Defendant David Distasio, directed at the cross-complaint of the defendant Delpo is granted.
PELLEGRINO, J.