[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion (#101) involves a claim that the action should be dismissed for insufficient service of process. For the reasons hereafter stated, the motion is granted. The plaintiff, Tamar Thier, has filed a summons and complaint against the defendants, Boston Chicken, Inc., Boston Market, BC NY, and Atlantic Foods Limited Partnership, alleging that she was the victim of sexual harassment while working in a Boston Chicken store in Darien, from January 23, 1995 to February 5, 1995. Atlantic Foods Limited Partnership (hereinafter referred to as the defendant) owned and operated the Darien Boston Chicken store, among other such stores, at the time the plaintiff worked there, but, in February, 1996, transferred all interests in all Boston Chicken stores to Boston Market, BC Ny, LLC. The plaintiff served process by personal delivery to a manager in the office of CT Corporation, the agent for service of process for Boston Chicken, Inc. and Boston Market BC NY, LLC, and by mailing service to Laurie Parsons and Thomas Warmuth, two employees at the Darien Boston Chicken store where the plaintiff had worked. The sheriff's return failed to state the titles or duties of the two employees.
On August 30, 1996, the defendant entered an appearance, and on September 27, 1996, the defendant filed a motion to dismiss the complaint as to itself, pursuant to Practice Book § 142. The defendant argued that the plaintiff failed to make service appropriate for a limited partnership according to either General Statutes §§ 52-57 (d) or 34-13b(f). With the motion to dismiss, the defendant submitted supporting affidavits and a copy of the sheriff's return.
A motion to dismiss is the proper method by which to contest insufficient service of process. Practice Book § 143(4). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes . . . are essential to jurisdiction over the person." (Internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728 (1985). "A motion to dismiss admits all facts well pleaded and invokes any CT Page 1091 record that accompanies the motion, including supporting affidavits that contain undisputed facts." Herzog Foundation, Inc. v.University of Bridgeport, 41 Conn. App. 790, 793, 677 A.2d 1378, cert. granted, 239 Conn. 907, 682 A.2d 998 (1996).
In Connecticut, two statute sections describe the procedure for serving process on a limited partnership. General Statutes § 52-57 (d) provides in pertinent part that "[i]n actions against a partnership, service of process may be made by personally serving within the state upon any one of the partners. . . ." Alternatively, General Statutes § 34-13b(f) provides in relevant part that "[n]otwithstanding the provisions of subsection (d) of 52-57, any process . . . may be served upon the limited partnership's statutory agent for service by any proper officer. . . ."
In its memorandum of law and accompanying documents, the defendant maintains that it has been a limited partnership since April, 1992, when it filed with the secretary of state a certificate of limited partnership, and since that time has maintained with the secretary of state a designated agent for service of process, Timothy P. Nolan. The defendant further argues that Boston Market BC NY, LLC now owns and operates the Darien Boston Chicken store, and the defendant, while continuing to exist as a limited partnership, no longer holds any rights or duties with respect to such store. Moreover, the defendant argues that "Boston Chicken, Inc. has never had any ownership interest in either Atlantic Foods Limited Partnership or the `Boston Chicken' store . . . in Darien . . . where plaintiff worked, and BC New York, L.L.C. neither owned nor operated the `Boston Chicken' store in Darien . . . while plaintiff was employed there." The defendant states that its only general partner is Atlantic Foods Corporation. Therefore, the defendant argues that the plaintiff could have complied with General Statutes §52-57 (d) by making service on Atlantic Foods Corporation, but that the plaintiff failed to make such service.
The defendant also maintains that, while the name and addresses of Timothy P. Nolan, the defendant's agent for service, were available through the secretary of state, the plaintiff failed to personally serve Mr. Nolan, and thus failed to comply with General Statutes § 34-13b(f). As such, the defendant argues that the plaintiff never made service on the defendant.
In its memorandum of law in opposition, the plaintiff CT Page 1092 acknowledges that the defendant's general partner is Atlantic Foods Corporation, but argues that this partner was adequately service pursuant to General Statutes § 52-57 (d). Since the general partner in this case is a corporation, the plaintiff argues that service may be made according to General Statutes § 52-57 (c), which allows service on the person in charge of the business of the corporation.[1] The plaintiff further argues that she served "[t]he statutory agent . . . namely CT Corporation Systems" and "the manager in charge of the subject Boston Market Store," and that "service on the manager in charge of the Boston Chicken Store is proper service on the general partner Atlantic Foods Corporation, which in turn is proper service on the defendant. . ." Finally, the plaintiff maintains that the defendant is currently "an empty shell" and is "playing a shell game."
While the plaintiff argues that service was made on "[t]he statutory agent," the plaintiff in fact served the statutory agent for Boston Chicken, Inc. and Boston Market BC NY, LLC, not the defendant's agent. The defendant submitted affidavits from the office of the secretary of state showing that the defendant's agent for service of process is Timothy P. Nolan, vice-president of the defendant. While the name of this agent was available to the plaintiff, the plaintiff never served Mr. Nolan. Therefore, the plaintiff failed to make service pursuant to General Statutes § 34-13b(f).
The remaining issue is whether the defendant's general partner was properly served pursuant to General Statutes §52-57 (d). Three problems exist with respect to the service the plaintiff made on the employees of the Boston Chicken Store in Darien. First, § 52-57 (d) requires service on a partnership by "personally serving" any of the partners. Therefore, while the plaintiff may be correct in suggesting that § 52-57 (c) applies because the defendant's general partner is a corporation, the service must nevertheless be made personally in order to comply with § 52-57 (d). Here, as the sheriff's return indicates, service was made by mailing the writ, summons and complaint to the employees at the Darien store. Such mailing does not constitute personal service.
Secondly, "the plaintiff's failure to offer evidence or testimony relating to the position and responsibilities of the individual accepting service on behalf of the defendant is fatal. . . ." Nelson v. Stop Shop Companies, Inc.,
CT Page 109325 Conn. App. 637, 641, 596 A.2d 4 (1991). While the plaintiff's memorandum of law in opposition states that service was made on the manager of the Boston Chicken Store, the sheriff's return indicates that service was made on two employees, and does not specify which one, if any, is a manager.
"A determination of the position, rank, duty and responsibilities of the person served is a question of fact. Our Supreme Court has held that in case where constructive service is employed and, `[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction.'" Nelson v.Stop Shop Companies, Inc., supra, 25 Conn. App. 642, quotingStandard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503
(1983). The plaintiff in the present case has offered no evidence as to the duties of the persons served. Therefore, the plaintiff has not met her burden of showing that the individuals served had sufficient authority to be appropriate agents for service on the defendant.
The third problem is that the plaintiff has failed to offer evidence as to the present connection between the Darien Boston Chicken Store and the defendant or the defendant's general partner. That is, even if the plaintiff had personally served an individual with proper authority in the Darien Store, the plaintiff has not shown that such store is the "business of the corporation" nor the "office of the corporation in the town in which its principal office or place of business is located." General Statutes § 52-57 (c). Both the defendant and the plaintiff state that the defendant owned and operated the store in question at the time the plaintiff worked there, but transferred all interests in all Boston Chicken stores to a separate company. Moreover, the defendant and its general partner are both located in Stamford, not Darien. As such, the plaintiff has failed to make service in accordance with § 52-57 (c).
Because the plaintiff has failed to follow any of the statutory guidelines for serving a limited partnership, she has thus failed to serve the defendant. "Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Wallingford Board ofEducation v. Local 1282, District 1, Communications Workers ofCT Page 1094America, AFL-CIO, 31 Conn. App. 629, 632, 626 A.2d 1314 (1993). Therefore, the plaintiff's failure to serve the defendant deprives this court of jurisdiction, and the defendant's motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 11 day of February, 1997.
WILLIAM BURKE LEWIS, JUDGE