[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
In this action, the plaintiff, Fry Steele Company, has filed a one count complaint seeking to enforce a default judgment rendered in California in favor of the plaintiff and against the defendant, James Enterprise, Inc. The California judgment was CT Page 5271 based on the plaintiff's allegation that it sold steel rods to the defendant and was not paid.
In its answer to the complaint, the defendant asserts that the California judgment is void and unenforceable on the ground that insufficiency of service of process deprived the California court of personal jurisdiction over it. The defendant has also filed a counterclaim against the plaintiff. In the counterclaim, the defendant alleges that the steel rods received by the defendant from the plaintiff were not delivered with the certifications required by the parties' agreement. The defendant claims damages in the form of lost profits as a result of plaintiff's breach of the agreement.
The court conducted a bench trial of the case on January 22, 1997. The court makes the following findings of fact and conclusions of law.
DISCUSSION
 I
The California judgment is void and unenforceable because the California court lacked personal jurisdiction over the defendant. In the California lawsuit, the plaintiff attempted to effect service on the defendant under § 413.10(b) of the California Code of Civil Procedure, which allows a defendant to be served "as prescribed by the law of the place where the person is served." The Connecticut statute, which plaintiff contends was utilized, is § 52-57 (c), which provides in relevant part that service may be made "upon any person who is at the time of service in charge of the office of the Corporation in the town in which in principal office or place of business is located". C.G.S. § 52-57 (c).
The defendant has established by a preponderance of the evidence that the sheriff served the California summons and complaint on a John Sitter who was an employee of Monarch Tools, a company which also had an office in the building where the defendant's business was located. Sitter cannot be viewed as an agent or employee of the defendant or a person in a charge of thedefendant's office. See generally, Nelson v. Stop Shop Cos.,25 Conn. App. 637 (1991). Therefore, service of process upon the defendant is deficient, the California court lacked personal jurisdiction over the defendant, and the California judgment is CT Page 5272 unenforceable.
 II
The plaintiff violated the parties' agreement by failing to provide the certifications for the steel rods. The defendant has established by a preponderance of the evidence that: the agreement between the parties required defendant to provide proper certifications for the steel rods; the plaintiff failed to provide the certifications; and the defendant gave the plaintiff timely notice of this breach. Further, after receiving assurances that the required certifications would be provided, the defendant proceeded to use the rods in the production of pin assemblies that had been ordered by a customer of the defendant. Because the defendant could not provide the certifications for the steel rods, the customer paid for the first shipment consisting of 1261 pin assemblies, but refused to pay for the remaining pin assemblies shipped by the defendant.
The defendant accepted the nonconforming goods, gave timely notice to the plaintiff of the breach, and reasonably expected the breach to be cured all in conformity with § 42a-2-607 of the Uniform Commercial Code. C.G.S. § 42a-2-607. Consequently, the defendant may claim lost profits as consequential damages caused by the breach. See C.G.S. §§ 42a-2-714 (3); 42a-2-715.
However, the court finds that the defendant failed to offer sufficient evidence to allow a determination of the lost profits with any degree of reasonable certainty. See generally, Garganov. Haymond, 203 Conn. 616 (1987).
Therefore, judgment shall enter in favor of the defendant and against the plaintiff on the complaint, and judgment shall enter in favor of the plaintiff and against the defendant on the counterclaim.
So Ordered
This 29th day of May 1997.
STEVENS, JUDGE