[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Plaintiff Jason O'Brien has brought this action in three counts against three police officers stemming from the manner of his arrest for a narcotics related offense. The Defendants are William T. Perry and Nicholas Spratto, members of the Town of Southington Police Department, and Dale P. Hourigan, a member of the Connecticut State Police. Although the complaint alleges that the three Defendants acted in their official capacities, it specifically states that the Defendants "are sued, however, only in their individual capacities." Revised Complaint, ¶ 4 (to all counts).
The Defendants Perry and Spratto have moved to dismiss the complaint as against them. They assert that the court lacks personal jurisdiction over them because of insufficiency of service of process. The motion to dismiss is the proper motion for this purpose. Practice Book §§ 10-30 and 10-31. The motion has been timely filed. Id. Each party has filed the requisite memorandum of law. Id. CT Page 1002
Service of process commencing this action was made on the Defendants Perry and Spratto by service at the Southington Police Department on one Paul Jiantonio, a dispatcher for the Department. The serving sheriff's return of service states that Jiantonio was "authorized to accept service" for Perry and Spratto.
Annexed to the motion are the respective affidavits of Perry and Spratto stating that no one, including Jiantonio, was authorized to accept service of process on such Defendant's behalf in connection with this lawsuit. They have also filed the affidavit of Jiantonio stating that he has not nor has ever been authorized to accept service of process on behalf of Perry or Spratto in connection with this or any other lawsuit.
The motion appeared on the January 11, 1999 short calendar, counsel for each party being present. The factual jurisdiction issue of whether Jiantonio was or was not so authorized was disputed. Accordingly, an evidentiary hearing was required and requested. Unisys Corporation v. Department of Labor,220 Conn. 689, 695-96 (1991). The burden of proof is on the Plaintiff to present evidence to establish jurisdiction. Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54 (1983).
The evidentiary hearing was held on January 25, 1999. It was incumbent upon the Plaintiff to establish the authority of Jiantonio to have accepted service of the subject process. Nelsonv. Stop Shop Cos., 25 Conn. App. 637, 643 (1991). The Plaintiff offered no evidence at all, and thus failed to satisfy its burden of proof. Id., 643.
General Statutes § 52-57a provides that, except as otherwise provided, service of process on an individual must be made either by personal service or by leaving a true and attested copy thereof at the defendant's usual place of abode. No such service was made on the Defendants Perry and Spratto. The court therefore lacks personal jurisdiction over these Defendants.
The motion to dismiss is granted.
David L. Fineberg Superior Court Judge CT Page 1003