[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 101)
This case requires the court to address an issue of New Brunswick (Canada) law concerning service of process on a corporation. For the reasons briefly stated below, the court finds that service on the corporation was properly made. The parties have agreed, however, that the case against an individual defendant must be dismissed.
The plaintiffs allege that they were injured by the negligence of the defendants in a motor vehicle accident that occurred on October 2, 1994. There are two defendants: Brookville Transport Limited ("Brookville"), a New Brunswick corporation, and Alan R. Rogers ("Rogers"). Because the case against Rogers must be dismissed by agreement, his role need not be further discussed.
An affidavit of service in the file is signed by David L. Lockhart ("Lockhart). Lockhart states that he is a Deputy Sheriff in New Brunswick. He further states as follows:
 1. THAT on the 4th day of October, A.D. 1996, at 9:07 a.m., I served the Respondent, BROOKVILLE TRANSPORT, LIMITED, with the said Summons, Civil, marked "Exhibit A", Complaint, marked "Exhibit B", and Statement of Demand, marked "Exhibit C", by delivering a copy of the said Summons, Civil, Complaint and Statement of Demand to Marven E. Corscadden, Controller, BROOKVILLE TRANSPORT, LIMITED, at his office located at 320 Montreal Avenue, City of Saint John, County of St. John, Province of New Brunswick.
 2. THAT I was able to determine that the person so served was the said Marven E. Corscadden, Controller of BROOKVILLE TRANSPORT, LIMITED, because he was identified to me through the Receptionist and produced for my inspection a business card which bore the name Marven E. Corscadden and his position as Controller of BROOKVILLE TRANSPORT, LIMITED.
On November 20, 1996, the defendants filed the motion to CT Page 2142 dismiss now before the court. The motion was heard on November 30, 1998. At the hearing, it became apparent that the case turned on an issue of New Brunswick law that had not been briefed by either party. The parties filed supplemental briefs, at the invitation of the court, on February 16, 1999.
If the case were governed by Connecticut law, the service just described would be improper. Conn. Gen. Stat. § 52-57(c) sets forth a list of corporate officers upon whom service can be made. The controller of a corporation is not an officer included in the list. Sec. 52-57(c) additionally allows service to be made "upon any person in charge of the office of the corporation in the town in which its principal office or place of business is located." However the situation might have appeared to Lockhart (an important point to which we shall return) there is no evidence that Corscadden was actually in charge of Brookville's office. Under Connecticut law, the service thus made would be fatally deficient. See Nelson v. Stop Shop Co.,25 Conn. App. 637, 596 A.2d 4, cert. denied, 220 Conn. 924,598 A.2d 364 (1991).
It turns out, however, that Connecticut law is not controlling on these facts. Service was made in New Brunswick, and the parties agree that, under these circumstances, reference must be made to the Hague Service Convention (the "Convention"). The Convention "is a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law . . . [It] was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." VolkswagenwerkAktiengellschaft v. Schlunk, 486 U.S. 694, 698 (1988). Both the United States and Canada (in addition to numerous other countries) have ratified or acceded to the Convention. "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. . . . Once a central authority receives a request in the proper form, it must serve the documents by a method described by the internal law of the receiving state or by a method designated by the requester and compatible with that law." Volkswagenwerk Aktiengellschaft v.Schlunk, supra, 486 U.S. at 698-99.
It is undisputed that the plaintiff in this case sent her CT Page 2143 request to the Canadian central authority in proper form. The dispute between the parties focuses on the propriety of the service that followed this event. The specific question under the Convention is whether that service was "by a method prescribed by [the] internal law [of the receiving state] for the service of documents in domestic actions upon persons who are within its territory." Convention Art. 5(a). Canadian law is necessarily controlling on this point. More specifically, Canada's ratification of the Convention makes it clear that the controlling law is not national but provincial. Sec. 2.1 of that ratification provides that, "In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory." Because service here occurred in New Brunswick, New Brunswick law is controlling.
The parties agree that the pertinent New Brunswick law is set forth in Rule 18.02(c) of the New Brunswick Rules of Service of Process. That subsection in question governs service of process on corporations. Service in such cases is to be made "by leaving a copy of the document with an officer, director, or agent, or with the manager or a person who appears to be in control or management of any office or other place where the corporation carries on business in New Brunswick." The specific question presented by the facts of this case is whether, under the circumstances, Corscadden "appear[ed] to be in control or management" of Brookville's office at the time of service. No New Brunswick authority construing the language in question has been brought to the court's attention. Construing that language in the light of pertinent American authority, the court is persuaded that the requirement of apparent control or management has been satisfied.
New Brunswick's requirement of apparent control or management is broader than what might be called the actual control requirement of Conn. Gen. Stat. § 52-57(c). Appearance of control is sufficient, even though it may turn out later that the appearance was deceptive. In this respect, New Brunswick law is analogous not to Connecticut law but to Wisconsin law. Wis. Stat. § 801.11(5)(a) provides that service on a corporation may be made upon "the person who is apparently in charge of the office." The Wisconsin Supreme Court has construed this provision as requiring that a process server's conclusion as to apparent authority be "reasonable under the circumstances." Horrigan v.State Farm Insurance Co., 317 N.W.2d 474, 478 (Wis. 1982). Under this standard, a process server has no duty "to inquire and CT Page 2144 determine the actual authority of the individual summoned to receive service." Id. A process server specifically "has a right to expect that when he asks for a person to accept service, and, apparently in response to that request, a person comes out and accepts the papers, proper service has been obtained." Id. As the Wisconsin Supreme Court observed in an earlier decision, to hold otherwise "would produce a situation whereby a process server becomes a participant in a game of `hide `n seek' at the mercy of secretaries or anyone else who chooses to prevent him from accomplishing his task." Keske v. Square D Co., 206 N.W.2d 189,193 (Wis. 1973).
Lockhart's affidavit of service states that Brookville's receptionist referred him to Corscadden and that Corscadden produced a business card identifying him as controller and accepted service. At this point, Lockhart's decision to serve process was reasonable, and proper service occurred. The intention of the Convention was to assure actual and timely notice of suit in accordance with the internal law of the receiving state. Volkswagenwerk Aktiengesellschaft v. Schlunk,supra. 486 U.S. at 698-99. That requirement has been satisfied.
The motion to dismiss is granted by agreement as to Alan R. Rogers. It is denied as to Brookville Transport Limited.
Jon C. Blue Judge of the Superior Court