[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
The plaintiffs, the Estate of Jane Gartland and Elizabeth Cook (collectively "plaintiffs"), brought this action against the defendants, Claire Doucette d/b/a Phillips Travel ("Doucette"), Trafalgar Tours, U.S.A. ("Trafalgar"), MEDEX Assistance Corporation ("MEDEX"), Travel Mate Insurance Agency, Inc. ("Travel Mate") and Monumental Life Insurance Company ("Monumental"). Before the court are the defendants' motions to dismiss the complaint.[1]
First, the defendant, MEDEX, moves to dismiss (#101) the plaintiffs' action against them "on the grounds that this court lacks personal jurisdiction over MEDEX because the plaintiffs failed to serve a summons with a return date and complaint on MEDEX pursuant to Connecticut General Statutes § 33-929." Second, the defendants, Doucette and Trafalgar, move to dismiss (#105) the action against them "on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process and insufficiency of service of process."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack CT Page 7567 of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 10-31.
The defendants move to dismiss the action against them on the ground that the plaintiffs failed to include a return date on the summons, "thereby rendering the process defective and depriving this [c]ourt of subject matter jurisdiction." The defendants, Doucette and Trafalgar, attached a copy of the summons they received to their motion to dismiss. There was no return date on the summons.
General Statutes § 52-45a provides, in pertinent part, that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons . . . describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance." Despite this statutory requirement, the Supreme Court has held that the writ of summons "need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." Hillman v. Greenwich, 217 Conn. 520,526, 587 A.2d 99 (1991). The court held that "the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." Id.; Capers v. Lee,239 Conn. 265, 273, n. 11, 684 A.2d 696 (1996).
In the present action, the defendants were made aware of the vital information. Though the return date was missing from the writ of summons, the defendants knew who was suing them, where they were being sued, and for what they were being sued. In fact, the complaint itself contained the return date. Therefore, the defendants' motions to dismiss the action on this ground is denied.
The defendants also move to dismiss the action against them on the ground that there was insufficient service of process. Service of process on foreign corporations is dictated by General Statutes § 33-929. "A foreign corporation may be served by any proper officer or other person lawfully empowered to make service by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office. . . ." General Statutes § 33-929(b). The moving defendants are foreign corporations. CT Page 7568
"When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop Shop Companies,25 Conn. App. 637, 641, 596 A.2d 4 (1991). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. When the particular officers or employees of a corporation upon whom service may be made are designated, service upon any other person as a representative of the corporation is inadequate to confer jurisdiction upon the court to which the process is returnable."Hyde v. Richard, 145 Conn. 24, 25-26, 138 A.2d 527 (1958).
According to the sheriff's return of service, the defendant, MEDEX, was served by certified mail to "MEDEX Assistance Corporation, 9515 Deereco Road, #4, Timonium, MD 21093," and the defendant, Trafalgar, was served by certified mail to "Trafalgar Tours U.S.A., Inc., 11 East 26th Street, Suite 300, New York, N.Y. 10010." However, service upon these foreign corporations was improper since service was not made upon the foreign corporations' secretaries pursuant to General Statutes § 33-929. Therefore, the motions to dismiss the action against the foreign corporations are granted on the ground that the court does not have jurisdiction over them because of the insufficiency of process.
In summary, the defendant MEDEX's motion to dismiss (#101) is granted since the court does not have jurisdiction over the foreign corporation because it's secretary was not served pursuant to General Statutes § 33-929. The motion to dismiss (#105) is granted in part and denied in part. The motion to dismiss the action against Doucette is denied since lack of return date on the summons is not fatally defective and the return date was indicated on the complaint. However, the motion to dismiss the action against the defendant, Trafalgar, is granted since the court does not have jurisdiction over the foreign corporation because it's secretary was not served pursuant to General Statutes § 33-929.
So Ordered.
D'ANDREA, J.