[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 I
The defendant, The Savings Bank of Manchester (hereinafter, the Bank), has filed the instant motion to dismiss in this dispute concerning the payment of insurance proceeds. The Bank claims that it was not properly served pursuant to the terms of General Statutes § 52-57 and that this court therefore lacks jurisdiction.[1] The return on file indicates that Connecticut Judicial Marshal Grant S. Carragher served Doreen H. Dunham, Officer's Assistant Operations, in hand, on December 12, 2000, at 923 Main Street, Manchester, Connecticut.[2]
On May 2, 2001, this court held an evidentiary hearing on the motion and first heard from Doreen H. Downham, who is employed by the Bank in the above-referenced position. While she did not remember receiving this exact service from the Judicial Marshal, she indicated that in her five to six years' employment with the Bank, she has accepted service "thousands" of times from sheriffs, marshals and other indifferent persons and that, except for this particular case, her authority to accept service has never been raised by anyone. She indicated that on certain days she accepts service of up to 300 items; additionally, she has continued to accept service for the Bank right up to the present. She further testified that she is authorized to accept service for the Bank and that she has never been reprimanded for accepting service.
Judicial Marshal Carragher testified that he was directed to Ms. Downham by another employee and that Ms. Downham stated that she would accept service. She then gave him her business card.
 II
The Bank maintains that this case must be dismissed because Ms. CT Page 7135 Downham's job title is not one so designated by statute as entitled to accept service. Quoting Hyde v. Richard, 145 Conn. 24, 25, 138 A.2d 527
(1958), the Bank argues that "[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Thus, at first glance, the Bank's argument would seem to be correct. Our Appellate Court has, however, addressed this issue inNelson v. Stop Shop Cos., 25 Conn. App. 637, 596 A.2d 4, cert. denied,220 Conn. 924, 598 A.2d 364 (1991), in which it upheld a similar motion to dismiss when service was made on the defendant's "operation store manager." As in this case, the sheriff was directed to the person but, unlike this case, the person served merely accepted service but did not say he was authorized. Indeed, in an affidavit filed in support of the motion, the defendant therein maintained that the person served had no authority to accept service. Moreover, the issue actually arose when the defendant had failed to file an appearance, indicating it did not have notice. The court noted that the term "manager" had not previously been defined under § 52-57 and thus adopted a standard which held that "the terms "or its general or managing agent or manager' are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person." Id., 642.
The facts are, of course, different in this case. While her job title does not include the exact language of the statute but rather a variation as in Nelson, Ms. Downham was indeed the person who was authorized to accept service for the Bank. She had done it thousands of times in the past and continues to accept service today. It is clear that her acceptance of service will insure that the Bank will have notice.
 III
The motion to dismiss has technical attraction; yet, it is also surely disingenuous for the Bank to file such a motion claiming the person who it holds out to receive service of process and who has, in fact, received thousands of service of process items and continues to do so today, is not a proper person. She was certainly the person in charge of that portion of the Bank's business, i.e., of accepting service. Accordingly, the motion to dismiss is denied.
Berger, J.