[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re Motion to Dismiss #176
This matter comes before the court on the defendant, United Water Connecticut, Inc.'s (United) motion to dismiss for lack of personal jurisdiction pursuant to Practice Book § 10-31. The issue is whether the plaintiff failed to serve United with the writ of summons and complaint in the manner required by Connecticut law thereby depriving the court of personal jurisdiction over United.
According to the complaint, the plaintiff, Konover Construction Corporation (Konover), and the other defendant (The Homesteads at Newtown, LLC) (Homesteads) entered into a contract pursuant to which Konover agreed to build a development in Newtown, Connecticut. Konover completed all the work it was required to do under the agreement but did not receive payment from Homestead. Konover filed a mechanic's lien against the property and now seeks to foreclose that lien. United also holds a mechanic's lien on the development. Konover claims that state marshal, Robert Wolfe, served the summons and complaint on United on May 16, 2002. United claims that it never received service and that it only learned of the action when it received notice that a default judgment had been entered against it. United now moves to dismiss the action for lack of personal jurisdiction due to improper service of process.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.)Kim v. Magnotta, 249 Conn. 94, 102, 733 A.2d 809 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400
(2001).
"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the CT Page 1486 court's exercise of personal jurisdiction." (Internal quotation marks omitted.) Kim v. Magnotta, supra, 249 Conn. 101-02.
United argues that Konover did not serve process as required by General Statutes § 52-57, which provides in relevant part: "(c) In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located . . ."
"When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. When jurisdiction is based on constructive service [however], jurisdiction cannot arise solely from the acts recited in the [officer's] return. There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." (Internal quotation marks omitted.) Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983). Thus, in a case such as this one, where the plaintiff uses constructive service, the Supreme Court "has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Id. at 54.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). Accordingly, "[w]hen a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop ShopCompanies, Inc., 25 Conn. App. 637, 641, 596 A.2d 4 (1991). Moreover, the Appellate Court has expressly stated that a plaintiff attempting service on a defendant under § 52-57 (c) has the burden of proving that the person served "met the criteria required by the statute . . ." Id.
at 642. In order to meet this burden, the plaintiff must offer evidence "concerning the position, rank, duties and responsibilities of the [individual] who was served." Id. at 642. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) Unisys Corp. v. Dept. of Labor, CT Page 1487220 Conn. 689, 695-96, 600 A.2d 1019 (1991).
At the hearing on this matter, Konover offered the testimony of Marshal Wolfe, who testified that he served process on United at 110 Kent Ave., New Milford, Connecticut, between 3:00 and 3:30 p.m. on May 16, 2002. Wolf testified that he entered United's lobby, approached the woman behind the desk and served her with the summons and complaint. Wolf stated that the woman gave no indication that she lacked authority to receive service and stated that her name was Diane. Wolf further stated that he asked the woman if anyone else was present to receive service and she stated that she was the only person present in the building at that time. Wolf testified that he did not ask the woman her last name or for identification and that the woman was not in the courtroom on the date of the hearing.
United countered Wolf's testimony with testimony from Kevin Moran, United's president, Marilynn Bertilson, its office manager and Elizabeth Peet, the assistant administrator for billing. Moran testified that the United facility in New Milford has four employees and that on the day in question only two were present in the office because he and another employee were on vacation. He further testified that no one by the name of Diane works at United, that he was never served with the summons and complaint and that he only learned of the action when he was informed of the default judgment.
In her testimony, Bertilson verified that only she and Peet were in the office that day, that she did not receive service and that Peet gave her no documents. She also admitted, however, that she does not sit at the front desk and did not see all the people who entered the office that day. Peet confirmed Moran's testimony that no one named Diane works at United, and testified that she did not receive service, but she did state that she occasionally leaves the front desk.
Although the court finds all of the testimony credible, it finds that the plaintiff did not meet its burden of establishing that the person that Wolf served met the criteria for accepting service that is required by § 52-57 (c). Accordingly the court grants United's motion to dismiss.
White, J. CT Page 1488