[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (MOTION NO. 105)
The plaintiff instituted the present action seeking the recovery of monetary damages for personal injuries claimed to have been sustained as a result of the medical negligence of the defendant. The defendant has filed a motion to dismiss the action based upon a claim of the insufficiency of service of process.
Following an evidentiary hearing, the court finds that the Marshal attempted to make service of process at the defendant's medical office by handing the appropriate papers to the receptionist. There was no conversation between the Marshal and the receptionist as to whether she was empowered to accept service on behalf of the defendant. The receptionist was not authorized or empowered to accept service upon the defendant who was not present in the office at the time the purported service was made.
General Statute § 52-57a provides, in part, as follows:
 . . . process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode in this state.
"Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board ofEducation v. Local 1282, 31 Conn. App. 629, 632 (1993), cert. granted, petition withdrawn, 227 Conn. 909 (1993). "When the person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Tarnopol v.Connecticut Siting Council, .212 Conn. 157, 163 n. 8 (1989); Nelson v.Stop Shop Companies, Inc., 25 Conn. App. 637 (1991), cert. denied,220 Conn. 924 (1991).
Accordingly, since service of process was attempted by delivering the summons and complaint to a person not authorized or empowered to accept CT Page 1560 such service, the motion to dismiss will be granted unless the court accepts the claim of the plaintiff that the motion to dismiss itself is untimely.
The plaintiff claims that the defendant had filed a motion for an extension of time which expired June 28, 2002. The plaintiff also claims that a subsequent motion (no. 104) was filed seeking an additional extension but was not acted upon by the court prior to the filing of the motion to dismiss citing Engineering v. WJMK-TV, Inc., Stamford Superior Court, 1994 (Karazin, J.) (13 Conn.L.Rptr. 208), and Ecsedy v. Jack TarVillage Resorts, Inc., Fairfield Superior Court, 1992 (Katz, J.). The docket sheet obtained from the web site does indeed show that no action was taken by the court on motion 104. A review of the file establishes that motion 104 was granted by the court and a JDNO was sent to the parties prior to the filing of the motion to dismiss.
Accordingly, the motion to dismiss is hereby granted.
RUSH. J. 1/27/03 CT Page 1561