CITY OF BRIDGEPORT *v.* ALLAN C. DEBEK, ADMINISTRATOR (ESTATE OF ANTHONY DEBEK), ET AL.
(8189)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 12—decision released August 7, 1990

*Alan Bleiman,* for the appellant (defendant Barbara J. B. Zanesky).

*Matthew Forstadt,* with whom were *Samuel D. Chester* and, on the brief, *Robert A. Randich,* for the appellee (plaintiff).

DUPONT, C. J. This appeal is the last remnant of a municipal tax lien foreclosure action instituted in 1981. After a trial on the merits, judgment was rendered for the plaintiff in excess of one million dollars. Several defendants appealed from that judgment, which was affirmed by the Supreme Court. *Bridgeport* v. *Debek,* 210 Conn. 175, 554 A.2d 728 (1989). The claim in that appeal was that the court lacked subject matter jurisdiction because there was a failure of service of process. After the affirmance, the plaintiff successfully moved to open the judgment in the trial court for the

limited purpose of setting new law days. The defendant, Barbara J. B. Zanesky, trustee, moved to dismiss the action for lack of subject matter jurisdiction and now challenges the denial of that motion. She is the sole defendant in this appeal.

The defendant claims that the trial court lacked subject matter jurisdiction because the plaintiff filed notice of a lis pendens eighteen months after the commencement of the original action, in contravention of General Statutes § 12-175. She also claims that she was entitled to a hearing on her motion to dismiss.

The defendant seeks now to do what she chose not to do in the first appeal, namely, complain of a lack of subject matter jurisdiction. She was a party to the original action and was represented by counsel during a full trial on the merits. A judgment was rendered against her but she took no appeal. The failure to file a notice of lis pendens in accordance with the statute had already occurred by the time judgment was rendered against her. Any lack of jurisdiction, therefore, existed at the time of the trial and the first appeal. The defendant, thus, had the opportunity to contest the alleged lack of subject matter jurisdiction during the trial or by appeal, but did not.

"When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation . . . ." Restatement (Second), Judgments § 12. Subject matter jurisdiction may, however, be raised at any time, where "the subject matter of the action [is] so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority . . . ." Id. A situation where the court lacks the power to hear a particular class of case would fall within this exception. In the present case, it is clear that the original trial court that

rendered the judgment for the plaintiff and the trial court that opened the judgment to set new law days had the authority to decide the general class of case, namely, foreclosure actions. See *Henry F. Raab Construction, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981).

The defendant does not challenge either court's jurisdiction over foreclosure actions in this appeal, but challenges instead, nine years after the original judgment, a claimed statutory jurisdictional defect. Moreover, she had a full and fair opportunity to litigate that issue previously. For these reasons, the defendant is precluded in this case from now relitigating the subject matter jurisdiction of the trial court or the validity of the tax liens. See *Vogel* v. *Vogel,* 178 Conn. 358, 422 A.2d 271 (1979); *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819 (1979).

The defendant was not entitled to a hearing on the purported invalidity of the tax liens for a variety of reasons. The alleged invalidity should not have been relitigated, there was no dispute over any material fact, and all relevant facts were the subject of a stipulation of the parties.

The court properly denied the motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.