BOARD OF EDUCATION OF THE TOWN OF WALLINGFORD
*v.* LOCAL 1282, DISTRICT 1, COMMUNICATIONS
WORKERS OF AMERICA, AFL-CIO
(11160)

LAVERY, HEIMAN and SCHALLER, Js.

Argued April 1—decision released June 15, 1993

*Lawrence J. Campane,* with whom, on the brief, was *Mark J. Sommaruga,* for the appellant (plaintiff).

*Anne Goldstein,* for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the trial court's judgment dismissing its application to vacate

an arbitration award on the ground of improper service of process. The plaintiff claims that the trial court improperly concluded (1) that the plaintiff had not effected service of process in accordance with General Statutes § 52-57 (e),[1] and (2) that § 52-57 (e) requires that service of process on a voluntary association must be made on one of the officers listed in subsection (e) of the statute. In its reply brief, the plaintiff further claims that the service of process requirements of § 52-57 (e) are not applicable in the context of a motion to vacate an arbitration award. We affirm the judgment of the trial court.

The facts pertinent to the resolution of this appeal are as follows. The defendant, Local 1282, District 1, Communications Workers of America, AFL-CIO, is a voluntary association. At all times relevant to the subject matter of this case, the defendant represented fifty-eight management employees of the town of Wallingford, four of whom were employees of the plaintiff, the Wallingford board of education.

In 1990, the plaintiff discharged Nelson Kari, who held a managerial position and was a member of the defendant's collective bargaining unit. The matter proceeded to arbitration pursuant to a collective bargaining agreement between the plaintiff and the defendant. On August 21, 1991, an arbitrator issued an award finding that the plaintiff did not have just cause to discharge Kari. The plaintiff moved to vacate the award on September 12, 1991.

---

[1] General Statutes § 52-57 (e) provides in pertinent part: "In actions against a voluntary association, service of process may be made upon the presiding officer, secretary or treasurer. If all of such officers are not residents of the state and the voluntary association is doing business, acting or carrying out its operations or its functions within the state, the voluntary association shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against it may be served upon the secretary of the state and that the process shall have the same validity as if served personally upon the presiding officer, secretary or treasurer of the voluntary association. . . ."

At the time the plaintiff filed its application to vacate, the president and presiding officer of the defendant was John Bruce. He was a Connecticut resident, as were the defendant's secretary and its treasurer. The plaintiff did not serve process on these individuals or any other officer of the defendant. Instead, it served process on Gerald Powers, who was employed by the plaintiff as a supervisor of buildings and grounds. Powers was neither the presiding officer nor the secretary or the treasurer of the defendant. He was merely a member of the union.

The plaintiff made additional attempts to serve the application. It left the application at the defendant's office in North Haven and with the secretary of the state. The plaintiff also mailed the application to the international staff representative of Communications Workers of America in Washington, D.C., and to the international staff representative of Communications Workers of America at the defendant's offices in North Haven.

On October 29, 1991, the defendant filed a motion to dismiss the application, asserting that the court lacked personal jurisdiction over the defendant because the plaintiff had failed to serve process on the defendant in accordance with § 52-57 (e). After a hearing, the trial court granted the defendant's motion to dismiss. This appeal followed.

I

The plaintiff first claims that the trial court improperly concluded that the plaintiff had not effected service of process in compliance with General Statutes § 52-57 (e). Section 52-57 (e) provides in relevant part that "[i]n actions against a voluntary association, service of process may be made upon the presiding officer, secretary or treasurer."

Where a particular method of serving process is pointed out by statute, that method must be followed. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 163 n.8, 561 A.2d 931 (1989); *Hyde* v. *Richard,* 145 Conn. 24, 25, 138 A.2d 527 (1958); *FitzSimmons* v. *International Assn. of Machinists,* 125 Conn. 490, 493, 7 A.2d 448 (1939). Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. *Tarnopol* v. *Connecticut Siting Council,* supra; *Hyde* v. *Richard,* supra; *FitzSimmons* v. *International Assn. of Machinists,* supra. The designation of a particular officer or officers on whom service may be made excludes all others. *Tarnopol* v. *Connecticut Siting Council,* supra; *Hyde* v. *Richard,* supra. Further, the nature of the position, rank, and responsibilities of the person served is a question of fact. *Nelson* v. *Stop & Shop Cos.,* 25 Conn. App. 637, 596 A.2d 4 (1992).

Here, the trial court properly determined that the plaintiff failed to comply with § 52-57. As the trial court stated in its articulation, none of the three officers listed in the statute was served, and service on the secretary of the state would be appropriate only if none of the three officers was a resident of Connecticut. The statute specifically refers to "the" presiding officer. The defendant's presiding officer was John Bruce, not Gerald Powers. The plaintiff in the present case was required to serve one of several designated officers of the voluntary organization. General Statutes § 52-57 (e). On the basis of the facts before it, the trial court properly found that those persons served lacked sufficient authority to qualify as appropriate agents for purposes of § 52-57 (e).

II

The plaintiff next claims that the trial court improperly concluded that service of process on a voluntary

association must be made on one of the officers listed in § 52-57 (e). The plaintiff argues that the use of the term "may" in § 52-57 (e) evinces the legislature's intent merely to suggest a procedure for service of process on a voluntary association. This argument is without merit.

As previously stated, the designation in a statute of a particular officer or officers on whom service may be made excludes all others. *Tarnopol* v. *Connecticut Siting Council,* supra; *Hyde* v. *Richard,* supra. Accordingly, we reject the plaintiff's interpretation that § 52-57 (e) sets forth merely suggested procedures for service of process. Where a statute prescribes a method for service of process, a plaintiff must comply with the statute. *FitzSimmons* v. *International Assn. of Machinists,* supra.

### III

The plaintiff's final contention is that an application to vacate an award of arbitration is not a civil action. Thus, according to the plaintiff, § 52-57 (e) does not apply. We decline to review this claim because the plaintiff failed to raise it in the trial court.

Throughout the trial court proceedings, the parties agreed that § 52-57 (e) governed the service of process. The court conducted a hearing on the motion to dismiss at which the sole issue was whether the plaintiff complied with § 52-57 (e). At the hearing, the parties adduced testimony concerning who would qualify as the defendant's "presiding officer" within the aegis of § 52-57 (e). It follows, therefore, that the plaintiff cannot now argue that this statute did not govern its conduct. Furthermore, the assertion that § 52-57 (e) is inapplicable first appears in the plaintiff's *reply brief.* We, accordingly, decline to review the plaintiff's claim that § 52-57 (e) is not dispositive in this case. *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 716,

535 A.2d 799 (1988) (only in the most exceptional circumstances will an appellate court consider a claim that was not raised in the trial court); *Fiddleman* v. *Redmon,* 31 Conn. App. 201, 213, 623 A.2d 1064 (1993) (criticizing practice whereby a party receives an unfavorable trial court decision and *then* attempts to impeach it for reasons known to the party before or during the proceeding); *Protter* v. *Brown Thompson & Co.,* 25 Conn. App. 360, 363–64 n.2, 593 A.2d 524 (1991) (refusing to review a claim raised for the first time in a reply brief).

The judgment is affirmed.

In this opinion the other judges concurred.