[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 7, 1994, the plaintiff, Wendy Defrancesco, filed a two-count complaint sounding in negligence against the defendants, Glenn Miller and Agency Rent-A-Car, f/k/a Altra Auto Rental (Agency).
In count one of the complaint, the plaintiff alleges that Miller, while operating a rental motor vehicle, crashed into the vehicle operated by the plaintiff. The plaintiff further alleges that because Miller's negligence caused the collision, Miller is liable for the injuries the plaintiff suffered in the collision. In count two of the complaint, the plaintiff alleges that pursuant to General Statutes § 14-154a, the Agency is liable for any personal or property damage caused by Miller's operation of the rental vehicle at the time of the collision. CT Page 9765
On July 6, 1994, Agency filed a motion to dismiss the plaintiff's entire case on the ground that service of process upon John Quinn, the office manager of the local Agency office, was improper.
As required by Practice Book § 143, Agency Rent-A-Car filed a memorandum of law in support of his motion to dismiss. Agency Rent-A-Car included an affidavit by Louis H. Rice, Assistant General Counsel for Agency Rent-A-Car, Inc., in support of its motion. The plaintiff has timely filed a memorandum in opposition.
"The motion to dismiss shall be used to assert. . . insufficiency of service of process. . . ." Practice Book § 143. "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Education v.Local 1282, 31 Conn. App. 629, 632, 626 A.2d 1314 (1993). "[J]urisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . . Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes are essential to jurisdiction over the person." (Emphasis omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179,554 A.2d 728 (1989). "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A defendant may assert the court's lack of personal jurisdiction by a motion to dismiss." Cole v. Gordon,40 Conn. Sup. 15, 16 (Super.Ct. 1984).
Agency argues in its memorandum in support of its motion to dismiss that "[t]he plaintiff has made service on an individual who is not [an] agent for service of process as to this defendant." It further claims that since the plaintiff has not effectuated service of process to any of the persons enumerated in § 52-57(c), which sets out the manner in which a corporation may be served, or upon the agent of the corporation appointed pursuant to § 33-400, the court does not have personal jurisdiction over Agency.
The plaintiff counters in her memorandum in opposition that Quinn, as the office manager of the local office operated by Agency, was acting in one or more of the capacities enumerated in § 52-57 (c), and was entitled to secure service of process.
General Statutes, § 52-57 (c) provides: CT Page 9766
 In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-400.
In order to establish whether the service of process to Quinn is in accordance with § 52-57 (c), a determination must be made as to whether he is a "manager" within the meaning of the statute. "[T]he Superior Court has identified relevant factors to be considered when a court undertakes a determination of who is a managing agent authorized to accept service of process on behalf of a private corporation." Nelson v. Stop Shop Companies, Inc.,25 Conn. App. 637, 642, 596 A.2d 4, cert. denied, 220 Conn. 924,598 A.2d 364 (1991). "Such a determination requires that the fact-finder establish whether the duties of that person are such that the corporation would, in the normal course, be informed that the service has been made." Id. "[T]he terms `or its general or managing agent or manager' are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person." Id.
The determination of "the nature of the position, rank, and responsibilities of the person served is a question of fact."Board of Education v. Local 1282, supra, 31 Conn. App. 632. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be CT Page 9767 held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Lampasona v. Jacobs, 7 Conn. App. 639,642-43, 509 A.2d 1089 (1986), appeal after remand,209 Conn. 724, 553 A.2d 175, cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). "Our Supreme Court has held that in cases where constructive service of process is employed and, `[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction.'" Nelson v. Stop ShopCompanies, Inc., supra, 25 Conn. App. 642, quoting Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983).
Before this court can determine whether Agency's motion to dismiss should be granted or denied, it must first determine whether Quinn, the office manager of the local office operated by Agency, is a "manager" within the meaning of § 52-57 (c). Agency submitted an affidavit of Louis H. Rice stating that Quinn "was the office manager of a local Altra Auto Rental. . . ." The court, however, still must determine whether he is a "manager" under § 52-57 (c). Because such a determination involves a factual evaluation of the nature of the position, rank, and responsibilities of the person served, due process requires a trial-like hearing be held on the issue before the court may rule on the motion to dismiss. SeeNelson v. Stop Shop Companies, Inc., supra, 25 Conn. App. 642;Lampasona v. Jacobs, supra, 7 Conn. App. 642.
For the foregoing reason, the motion to dismiss is denied.
Howard F. Zoarski, Judge