[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS.
On May 5, 1993, the plaintiff, Stella Battaglia, filed a complaint against The Montgomery Elevator Company and the Colonial Condominium Association, Inc. In her complaint, the plaintiff alleges that, on or about July 29, 1991, on a visit to her dentist's office in a building owned by Colonial Condominium CT Page 6504 Association, Inc. [hereinafter the defendant], she was injured when she tripped and fell into an elevator maintained by The Montgomery Elevator Company. The plaintiff further alleges that the elevator was not aligned with the floors of the building because of the negligence of both defendants.
The plaintiff commenced this action against The Montgomery Elevator Company on April 27, 1993, by having Sheriff Paul Verille deliver in hand the writ, summons and complaint. On the same date, Sheriff Verille attempted to make service on the defendant's statutory agent for service of process, but, after "diligent search," the sheriff could not locate the agent at the address provided to the plaintiff by the Secretary of State. On August 17, 1994, the plaintiff made a motion for default against the defendant, which was granted on August 23, 1994.
On April 8, 1996, the defendant filed an appearance and simultaneously filed a motion to dismiss, pursuant to Practice Book §§ 142 and 143, "for a complete failure to serve the defendant." The defendant also filed a copy of the sheriff's return and a memorandum of law arguing that the plaintiff's service of process did not meet the requirements of General Statutes § 52-57.
On August 29, 1996, the plaintiff filed an objection to the motion to dismiss, a memorandum of law, an affidavit by the plaintiff's attorney and exhibits. The plaintiff argues that she was unable to make service on the defendant pursuant to General Statutes § 33-297 (a) because the defendant had failed to provide the secretary of state with a correct and current address for the defendant's agent for service of process, as required by General Statutes § 33-296.[1] As such, the plaintiff argues that the "defendant should not be allowed to benefit from its own failure to comply with the laws of the state." Moreover, the plaintiff contends that the defendant had actual notice of the present action through its insurance company and its attorney.
In a reply memorandum filed on September 3, 1996, the defendant argues that it had no actual knowledge of this suit, and had no direct contact with the sheriff at any point. The defendant also argues that the plaintiff failed to make use of the alternative methods of service available to her under General Statutes §§ 52-57 and 33-297 (b). The defendant cites Gallopv. Commercial Painting Co., 42 Conn. Sup. 187, 190, 612 A.2d 826
(1992), which, in a situation similar to that of the present CT Page 6505 action, praised the plaintiff's claim that "the defendant should be estopped . . . because it had given the secretary of state misleading information concerning the agent for service of process," but ultimately rejected the plaintiff's argument because "the plaintiff had alternative means of service readily available."
A motion to dismiss is the proper method by which to contest lack of jurisdiction over the person and insufficiency of process. Practice Book § 143(2) (4). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes . . . are essential to jurisdiction over the person." (Internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." HerzogFoundation. Inc. v. University of Bridgeport, 41 Conn. App. 790,793, 677 A.2d 1378 (1996).
In Connecticut, two statute sections describe service of process on private domestic corporations. General Statutes §52-57 (c) provides in pertinent part that "[i]n actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."
General Statutes § 33-297 (a) provides in pertinent part: "[a]ny process . . . in connection with any action . . . to be served upon a corporation . . . may be served upon the corporation's statutory agent for service by any proper officer . . . by leaving a true and attested copy of it with such agent. . . ." General Statutes § 33-297 (b) provides in pertinent part: "[i]f . . . such agent cannot, with reasonable diligence, be found at the address shown . . . service of such CT Page 6506 process . . . on such corporation may, when timely made, be made by such officer . . . by: (1) [l]eaving a true and attested copy thereof . . . at the office of the secretary of the state or depositing the same in the United States mails . . . and (2) depositing in the United States mails . . . a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at its principal office."
The defendant does not deny the plaintiff's allegation that it failed to comply with § 33-296, and that, as a result, the plaintiff could not properly serve the defendant's statutory agent for service of process. Nevertheless, § 33-297 (b) specifically provides for such a contingency by allowing the plaintiff to mail process to the secretary of state and to the defendant's principal place of business. In addition, pursuant to § 52-57 (c), the plaintiff could have delivered process to any of the specified employees of the defendant. The plaintiff did none of these things. "[T]he erroneous designation of an agent for service of process ought not to be allowed, and it is an ancient maxim that no one may take advantage of his own wrong. Under the facts of the present case, however, this argument must fail . . . [because] the plaintiff had alternative means of service." Gallop v. Commercial Painting Co., supra, 42 Conn. Sup. 190. Following the reasoning of Gallop, the court finds that the defendant's wrongdoing does not release the plaintiff from her duty to provide the defendant with service according to the statutory guidelines. As such, it also finds that the plaintiff failed to make service on the defendant.
The plaintiff nonetheless argues that the defendant had actual notice of this action sufficient to meet the requirements of due process. In support of this notion, the plaintiff argues that "[t]he defendant had notice of the plaintiff's claim of injuries through its insurance company . . . [which] investigated and negotiated the claim for two years prior to suit," and "[t]he defendant had actual notice of this matter through its attorney" because the attorney filed an appearance on behalf of the defendant in an earlier suit by the plaintiff. Neither knowledge of an insurance claim by an insurance company nor knowledge of an earlier action by the defendant's attorney necessarily means that the defendant itself had actual notice of this present action.
In any case, the cases cited by the plaintiff only allowed actual notice to suffice where service was actually made, though CT Page 6507 insufficiently, or where the defendant had direct contact with the sheriff.[2] Here, the plaintiff does not argue that the defendant had direct contact with the sheriff, and there was no service on the defendant at all. "Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Wallingford Board ofEducation v. Local 1282. District 1, Communications Workers ofAmerica, AFL-CIO, 31 Conn. App. 629, 632, 626 A.2d 1314 (1993). Because the plaintiff did not follow the procedures of either General Statutes §§ 52-57 (c) or 33-297, the court lacks jurisdiction. Defendant's motion to dismiss is granted.
RYAN, J.