[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the third-party defendant Michael Brosmith's ("Brosmith") May 8, 1998 motion to dismiss a third-party apportionment complaint of the named defendant Exwood Property Corporation ("Exwood"). Brosmith alleges lack of in personam jurisdiction as ground for the motion; P.B. § 10-31(2) which motion is timely filed. P.B. § 10-30.
Although the alleged delict on the part of Brosmith occurred in Connecticut on September 18, 1994, it is undisputed that on that date he resided at No. 306 9th Street, Atlanta, Georgia, CT Page 1716-a Apartment 5, 30309. In February 1995, Brosmith moved to Greensboro, North Carolina, where he resided in January 1997 when constructive service of process upon him was attempted. In seeking to obtain jurisdiction of the defendant through such service, Exwood as third-party plaintiff relied on § 52-59b
of the General Statutes. That statute (sub-paragraph c), in pertinent part, provides as follows:
 The process shall be served by the officer to whom the same is directed upon the secretary [of the state] by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last known address, by registered or certified mail, postage prepaid, a like, true and attested copy with an endorsement thereon of the service upon the secretary.
Both the testamentary and documentary evidence before the court disclose that, pursuant to § 52-59b, Edward W. Jurgelas, Deputy Sheriff for Hartford County, on January 3, 1997, attempted to make service on Brosmith by leaving a verified and attested copy of the third-party complaint with the Secretary of the State. Thereafter, Sheriff Jurgelas mailed (certified, return receipt requested) another verified and attested copy of the complaint, which mailing was addressed to Michael Brosmith, No. 706 Ninth Street (Apartment 5), Atlanta, Georgia. The envelope was returned a few days later, marked undeliverable as addressed. Sheriff Jurgelas thereafter filed a supplemental return together with the returned envelope.
The parties have stipulated that a photocopy of a uniform arrest report, dated September 18, 1994 (Third-Party Defendant's Exh. 1), which report purports to contain Brosmith's address, was the sole basis on which the third-party plaintiff relied in determining the former's last known address. An examination of that document reveals that the first digit of the address (possibly the number 3) is almost completely obscured so that only the second and third digits (0 and 6) are clearly visible. It is reasonable to assume that the lack of clarity occurred during the photocopying process.
When constructive service is relied upon our Supreme Court "has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person . . ." Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54 (1983). When a plaintiff CT Page 1717 invokes § 52-59b of the Statutes to obtain such service, he must demonstrate that in so doing there is "a reasonable probability of actual notice of the pendency of the action to the defendant." Hartley v. Vitiello, 113 Conn. 74, 81 (1931).
"The requirement that [a copy of the process] be mailed to the defendant at his last-known address does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstance of life would know it. [Id. 80]."D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162,171 (1983).
It is undisputed that Brosmith never resided at the address to which Sheriff Jurgelas mailed the process, and that mailing was never received by him. Clearly, little more than a cursory, if not careless, effort was made, more than two years after the fact, to ascertain the third-party defendant's address or to verify the accuracy of the address used.
"Where a particular method of serving process is pointed out by statute, that method must be followed . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Educationv. Local 1282, 31 Conn. App. 629, 632 (1993); see also Tarnopol v.Connecticut Siting Council, 212 Conn. 157, 163 n. 8 (1989).
Apart from the statutory requirements, the evidence reveals that by no later than October 1997 Brosmith had learned of the complaint and that same month furnished a copy thereof to his attorney. Thereafter, counsel entered an appearance herein in Brosmith's behalf. It is the plaintiffs contention that Brosmith's actual notice cures any procedural defect. ("In view of the fact that Mr. Brosmith received actual notice of the Complaint, the issue of whether the service requirements of Conn. Gen. Stat. § 52-59b were satisfied becomes academic." Plaintiff's Objection to Motion to Dismiss, p. 12.)[1] This court disagrees.
Constructive service in the case of a nonresident must be strictly construed since it is in derogation of the common law.Holt v. DeHay, 24 Conn. Sup. 172, 173 (1963). In this connection, "[s]ervice by mail upon a person not residing in the state does not ordinarily give rise to personal jurisdiction over that person. Even if the nonresident has actual notice, that does not CT Page 1718 substitute for in-hand or abode service within the state."Savings Bank of Manchester v. Lane, 44 Conn. Sup. 400, 402 (1996). In short, "[a]ctual notice alone does not settle the question . . . [When a statute prescribes how service is to be made, compliance with the statute is required for personal jurisdiction even where the defendant has actual notice of the summons and complaint . . . The question is, were the statutory provisions . . . complied with." Welty v. Heggy, 369 N.W.2d 763,766 (Wis.App. 1985), aff'd. 429 N.W.2d 546, cert. den.474 U.S. 947, 88 L.Ed.2d 291, 106 S.Ct. 344; see also Robertson v.Robertson, 164 Conn. 140, 144 (1972).
For the reasons hereinabove set forth, the third-party defendant's motion to dismiss the third-party complaint is granted.[2]
GAFFNEY, J.