[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, St. Paul Guardian Insurance Co. ("plaintiff"), brought this action against the defendants, Vincent and Lillian Mola ("defendants"), seeking specific performance of an alleged accord agreement and an injunction restraining the defendants CT Page 14317 from pursuing arbitration of any claim for underinsured motorist benefits.
The plaintiff alleges that after the defendants made a claim for underinsured motorist benefits, which it provided to them, the parties "reached an accord on the underinsured motorist claim being asserted." The plaintiff alleges that it satisfied the accord with the defendants by "mailing a check, in an agreed-to-amount, to [their attorney]." The plaintiff further alleges that "[i]n violation of the accord and satisfaction, the defendants have failed to release the plaintiff from any further liability relative to the underinsured motorist claims asserted by them . . . [and in] violation of the accord and satisfaction . . . have continued to assert underinsured motorist benefits ciaims against the plaintiff."
The defendants filed a motion to dismiss pursuant to the prior pending action doctrine. The defendants state that "the issues raised in this case are inseverable from those raised inMola v. St. Paul Guardian Insurance Co. . . . an arbitration pending in [this court]." The plaintiff objected to the defendants' motion to dismiss, arguing that the motion must be denied since it was filed more than 30 days after the filing of an appearance, in violation of Practice Book § 142, now Practice Book (1998 Rev.) § 10-30. The plaintiff further argues that the motion to dismiss must fail since the prior pending action does not apply in this case.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upjohn v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983);Johnson v. Department of Public Health. 48 Conn. App. 102, 107,710 A.2d 176 (1998).
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, CT Page 14318 now Practice Book (1998 Rev.) § 10-31.
"[M]otions to dismiss must be made within thirty days of filing an appearance." Discover Leasing, Inc. v. Murphy,33 Conn. App. 303, 307, 635 A.2d 843 (1993); see also Concept Associates,Ltd. v. Board of Tax Review, 229 Conn. 618, 625, 642 A.2d 1186
(1994); Practice Book § 142, now Practice Book (1998 Rev.) § 10-30. Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v.Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987).
"Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction. Halpern v. Board ofEducation, 196 Conn. 647, 652, n. 4, 495 A.2d 264 (1985). It may not, therefore, as is true in the case of classic subject matter jurisdiction, always be raised at any time. See Bridgeport v.Debek, 22 Conn. App. 517, 578 A.2d 150 (1990). Gaudio v.Gaudio, [23 Conn. App. 287,] 294-95." Bender v. Nuzzo,
Superior Court, judicial district of New Haven, Docket No. 747892 (July 10, 1997, Levin, J.) (denying the motion to dismiss on the grounds of the prior pending action doctrine).
Here, the defendants filed an appearance with this court on June 29, 1998. Their motion to dismiss was not filed until August 10, 1998, well after 30 days as is required by Practice Book § 10-30. However, "[t]here is no rule which requires that a motion to dismiss based on the prior pending action doctrine to be raised within thirty days of the filing of an appearance." DeAngelis v. Manhattan Leasing, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300986 (June 21, 1993,Lager, J.); Creighton v. Baum, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277470 (Mar. 14, 1997,Skolnick, J.).
The defendants argue that this action should be dismissed on the grounds of the prior pending action doctrine. "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court . . . The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement . . . This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same CT Page 14319 jurisdiction." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education, supra, 196 Conn. 652-53.
"The prior pending action doctrine does not apply when the two actions are for different purposes." Spirer v. Rosen,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142750 (Mar. 15, 1995, D'Andrea, J.). "The trial court has broad discretion in applying the prior pending action doctrine." Harbor Vista Associates. Ltd. Partnership v.Yankee Management. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143141 (Dec. 21, 1995,D'Andrea, J).
"The second action must be so fundamentally similar and duplicative there is in fact no reason or necessity for bringing it, and it is therefore presumed oppressive or vexatious." Id., citing Halpern v. Board of Education, supra, 196 Conn. 647. Here, this "second action" is not "so fundamentally similar and duplicative." Although the parties are identical, the issues are different. In the "first action," the plaintiffs (the Molas) filed an application for an order to proceed with arbitration. This order was granted by the court, Dean, J. In this "second action," the plaintiff is St. Paul Guardian Insurance Company (the defendant in the "first action"), and it seeks to rectify an alleged breach of contract with the defendants (Molas).
The two actions are not "virtually alike" and, therefore, the prior pending action doctrine does not apply. As such, the defendants' motion to dismiss is hereby denied.[1]
D'Andrea, J.