[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCKET ENTRY NO. 102)
The plaintiff, Raymond Bursey, filed a two-count complaint against the defendant, Black Rock Enterprises, L.L.C. The defendant moves to dismiss the plaintiff's action on the ground of improper service. Specifically, the defendant argues that the plaintiff failed to serve his suit upon the defendant's statutory agent for service pursuant to General Statutes § 34-105.[1]
"The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book §10-31(a)(5). "Where a particular method of serving process is pointed out by statute, that method must be followed . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. (Citations omitted.) Board of Education v. Local 1282,31 Conn. App. 629, 632, 535 A.2d 396, cert. granted, 227 Conn. 909,632 A.2d 688 (1993).
The defendant argues that the plaintiff failed to serve its appointed agent for service of process pursuant to § 34-105
(a), and, therefore the court does not have jurisdiction over the defendant. The defendant contends that § 34-105(a) is mandatory and prescribes the only method whereby service may be made on a limited liability company. The plaintiff argues that the use of the word "may" in § 34-105(a) means service on the statutory agent is discretionary rather than mandatory. The plaintiff also argues that § 34-105(d) allows any other type of lawful service on a limited liability company, and, therefore service upon a member of the defendant who is not the statutory agent still fulfills the requirement of the service statutes, which is to insure that defendants have notice of pending actions.
In Board of Education v. Local 1282, supra,31 Conn. App. 633, the court held that the use of the word "may" in § 52-57
(e)[2] was trumped by the fact that specific officers of a voluntary association were named as agents for service. The court determined that the listing of specific officers prescribed a mandatory method of service. Id. The defendant seeks to have this court apply the same interpretation to § 34-105(a). Such an interpretation, however, would nullify § 34-105(d), which allows for alternative methods of service. "We presume . . . that CT Page 1271 the legislature had a purpose for each sentence, clause or phrase in a legislative enactment, and that it did not intend to enact meaningless provisions . . . [C]are must be taken to effectuate all provisions of [a] statute." (Citation omitted; internal quotation marks omitted.) Packer v. Board of Education,246 Conn. 89, 111 (1998).
In order to give meaning to both § 34-105(a) and §34-105(d), the court finds that § 34-105(a) offers one possible manner in which service may be made upon a limited liability company. See Leib v. Avon Financial Services, Ltd., Superior Court judicial district of Fairfield at Bridgeport, Docket No. 27989 (November 26, 1997) (Mottolese, J.) (section34-105 permits but does not require that service be made upon the statutory agent for service). As provided in § 34-105(d), nothing in § 34-105 limits or affects the right to serve process upon a limited liability company in any other manner permitted by law.
Accordingly, the defendant's motion to dismiss for failure to serve the defendant's statutory agent pursuant to § 34-105
(a) is denied.[3]
_________________ SKOLNICK, J.