[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 13, 1999, the plaintiff, Marie Nardella, filed a complaint sounding in negligence against the defendant, Norwich Inn Spa Villas Associates, Inc. (Norwich Inn). In her complaint, the plaintiff sought money damages for personal injuries she allegedly sustained due to a slip and fall on December 6, 1996 while an invitee on the premises allegedly controlled, owned and maintained by Norwich Inn. The sheriff's return indicated that the plaintiff made service of process on Jackson T. King, Jr., Esq. as Norwich Inn's agent for service of process on January 5, 1999.
On February 17, 1999, the plaintiff filed a request for leave to amend her complaint as of right "to address the Defendant by its additional names, The Club at Norwich Inn, a/k/a, Norwich Inn and Spa." The attached amended complaint stated that King was the CT Page 12651 agent for service of process on the Club at Norwich Inn (the Club). The certification stated that the amended complaint was mailed to him on February 23, 1999.
On March 11, 1999, the plaintiff filed another motion for leave to amend her complaint to add additional party defendants "to address the Defendant by its additional names, The Club at Norwich Inn, and Norwich Inn and Spa, LLC." The attached amended complaint stated that "[s]ervice of process is herewith made upon Jackson T. King, Jr., Esquire . . . as agent for service for The Norwich Inn Spa, LLC., and Mr. Ralph S. Keen, III. . . ." The certification indicated that the amended complaint was mailed to King and Keen as agents on March 8, 1999.
In her March 11 motion, the plaintiff argued that she initiated suit against Norwich Inn because claims management for "Norwich Inn Spa" informed her attorney that Norwich Inn was the proper entity to pursue. The plaintiff further argued that a subsequently Norwich Inn's insurance company notified her attorney that the proper entity was actually either Norwich Inn 
Spa, LLC (the LLC) or the Club.
On March 22, 1999, the Club entered an appearance. On April 14, 1999, the Club filed a motion to dismiss the plaintiff's amended complaint, filed March 11, 1999, for insufficient service of process and lack of personal jurisdiction. In support of its motion to dismiss, the Club filed a memorandum of law arguing that service had not been made on it in any manner, nor in a manner prescribed by General Statutes § 52-57. The Club argued that service of process had been made on King, the LLC's agent for service of process, but that the Club was a private corporation separate and distinct from the LLC. In support of its motion, the Club attached the affidavit of Matthew N. Perlstein, an attorney providing legal services to the Club, who stated that he had examined the records of the secretary of state. The Club argued that its agent for service of process was Kathleen D. Starno and provided documentation to this effect.
On April 19, 1999, the plaintiff filed an objection to the motion to dismiss on the ground that the Club's motion was premature because the court had not yet granted her motion for leave to amend her complaint to add additional party defendants. Hence, the a Club had not yet been made a party. On May 3, 1999, Judge Blue granted the plaintiff's motion for leave to amend complaint to add additional party defendants and denied the CT Page 12652 Club's motion to dismiss without prejudice as premature.
On May 21, 1999, the plaintiff filed another summons and an amended complaint. The Sheriff's return indicated that service of process had been made on Starno as agent for service of process for the Club and King as agent for service of process for Norwich Inn on May 10, 1999.
On June 1, 1999, the plaintiff filed another summons and an amended complaint. The sheriff's return stated that service of process had been made on Keen as agent for service for "Norwich Inn Spa Villas Associates, LLC, a/k/a The Club at Norwich Inn and/or Norwich Inn and Spa" on May 25, 1999.
On July 7, 1999, pursuant to Practice Book § 10-30 et seq., the Club filed a second motion to dismiss the plaintiff's amended complaint, filed June 1, 1999, for insufficient service of process and lack of personal jurisdiction. The Club argues in its accompanying memorandum that the plaintiff has failed to serve it in accordance with General Statutes § 52-57.
On July 16, 1999, the plaintiff filed an objection to the motion to dismiss. On July 26, 1999, the plaintiff filed supplemental documentation to support her objection to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The motion to dismiss shall be used to assert . . . insufficiency of service of process. . . ." Practice Book §10-31. "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Education v. Local 1282,31 Conn. App. 629, 632, 626 A.2d 1314, cert. granted, 227 Conn. 909,632 A.2d 688 (1993). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to the jurisdiction over the person." (Emphasis omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989), on appeal after remand, 22 Conn. App. 517,578 A.2d 150, cert. dismissed, 216 Conn. 824, 582 A.2d 204 (1990). CT Page 12653
In its memorandum of law, the Club argues that it is an entity separate and distinct from the LLC. The Club argues that process was served on King as the LLC's agent for service of process and on Keen, but that the Club's agent for service of process is Matthew N. Perlstein who was never served with process. In support thereof, the Club attaches a "Change of Registered Agent" form, accepted by the secretary of state on March 31, 1999, appointing Perlstein the Club's registered agent. The Club argues that because service was not made on Perlstein, its registered agent for service of process, in accordance with § 52- 57, the court lacks personal jurisdiction over the Club.
The plaintiff objects to the Club's motion to dismiss on the ground that the Club has given her false and inaccurate information. Specifically, the plaintiff argues that she brought her initial action against the wrong entity, Norwich Inn, in reliance on a representation made by claims management for "Norwich Inn Spa" that Norwich Inn was the proper entity to pursue. The plaintiff further argues that in the Club's first motion to dismiss, filed on April 14, 1999, the Club represented that its agent for service of process was Starno, which was incorrect. The plaintiff argues that, after her attorney was notified that Starno was no longer the Club's agent for service of process, the secretary of state's office informed her, incorrectly, that the Club's agent for service of process was Keen. Finally, the plaintiff argues that Perlstein's appointment as the Club's agent for service of process, effective March 31, 1999, was not revealed in the Club's first motion to dismiss, in which Perlstein issued an affidavit.
The plaintiff argues that, based on the procedural history of the case, a common sense approach is necessary in determining whether fair notice has been given to the Club. The plaintiff argues that it would be prejudicial to dismiss her action because Keen never rejected service and the Club filed an appearance and a motion to dismiss in April.
In Connecticut, service of process on private corporations is governed by General Statutes §§ 33-663 and 52-57(c). Section33-663(a) provides, in pertinent part: "A corporation's registered agent is the corporation's agent for service of process . . . Service may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process . . . with such agent or, in the CT Page 12654 case of an agent who is a natural person, by leaving it at such agent's usual place of abode in this state." Section 33-663(b) provides, in pertinent part: "If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served by any proper officer or other person lawfully empowered to make service by sending a true and attested copy of the process . . . by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office. . . ."
Section 52-57(c) provides, in pertinent part: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922."
"[T]he erroneous designation of an agent for service of process ought not to be encouraged, and it is an ancient maxim that no one may take advantage of his own wrong." Gallop v.Commercial Painting Co., 42 Conn. Sup. 187, 190, 612 A.2d 826
(1992). Where a plaintiff has "alternate means of service readily available," however, a plaintiff is not excused from properly serving a defendant in accordance with the applicable statutory provisions. Id.; see also Battaglia v. Montgomery Elevator,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 0131536 (December 11, 1996, Ryan, J.) (18 Conn. L. Rptr. 322).
Records from the secretary of state's office, submitted by the plaintiff, reveal that Starno was the Club's agent for service of process from March 13, 1987 until November 1, 1988. The records further show that Keen was appointed the Club's agent for service of process on March 3, 1993. The "Change of Registered Agent" form that the Club submitted to the secretary of state shows that Keen remained the Club's agent for service CT Page 12655 until March 31, 1999 when the secretary of state's office accepted the change of agent to Perlstein.
Although the amended complaint, filed March 11, 1999, stated that service had been made on Keen, the Club was not a party to the action at that time because the plaintiff's motion for leave to amend her complaint to add additional party defendants had not yet been granted. Additionally, the plaintiff only mailed Keen a copy of the amended complaint, she did not officially serve him. Accordingly, at no time did the plaintiff make service of process on the Club's registered agent for service of process pursuant to § 33-663 (a).
Although the Club named the wrong agent for service of process in its first motion to dismiss and has changed its agent for service of process several times, the plaintiff had other options available to her to serve the Club. See §§ 33-663(b) and 52-57(c). The evidence submitted by the plaintiff does not reveal that service was attempted pursuant to § 33-663(b). Nor did the plaintiff submit any proof that she attempted to serve any of the officers or employees designated in §52-57(c) or that any of these officers or employees could not be found. Although it is submitted that the Club's conduct has not been commendable, "the defendant's wrongdoing does not release the plaintiff from her duty to provide the defendant with service according to the statutory guidelines." Battaglia v. MontgomeryElevator, supra, 18 Conn. L. Rptr. 324.
Nonetheless, the plaintiff argues that, given the history of the present case, the court should determine whether she gave fair notice to the Club. "[A]ctual notice alone does not settle the question. . . . [W]hen a statute prescribes how service is to be made, compliance with the statute is required for personal jurisdiction even where the defendant has actual notice of the summons and complaint. . . ." (Citations omitted; internal quotation marks omitted.) Westcott v. Exwood Property Corp.,
Superior Court, judicial district of New Britain, Docket No. 0475950 (May 28, 1998, Gaffney, J.) (22 Conn. L. Rptr. 351, 353). "Where a particular method of serving process is pointed out by statute, that method must be followed." Board of Education v.Local 1282, supra, 31 Conn. App. 632. "When the person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate."Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163 n. 8,561 A.2d 931 (1989). CT Page 12656
The plaintiff further argues that it would be prejudicial to dismiss her action because Keen never rejected service and the Club filed an appearance. However, "`[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.'"Pitchell v. City of Hartford, 247 Conn. 422, 432, 722 A.2d 797
(1999), quoting Practice Book § 10-30.[1] Furthermore, "[t]he person who accepts the papers from the sheriff does not have to indicate that he or she was unauthorized to accept service. . . ." Migliore v. Merritt Medical Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 290088 (October 27, 1993, Fuller, J.), citing Nelson v. Stop Shop Cos., 25 Conn. App. 637, 640, 641, 596 A.2d 4, cert. denied,220 Conn. 924, 598 A.2d 364 (1991).
Moreover, prejudice is not a factor in the present case. "The failure of the plaintiff to make service upon an appropriate individual calls into question the jurisdiction of the court and requires the dismissal of the action regardless of whether the defendant was prejudiced by such action." United Food C.Workers v. Norwalk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 0118278 (May 7, 1992, Rush, J.), citing Tarnopol v. Connecticut Siting Council, supra,212 Conn. 166.
Because the plaintiff did not serve the Club in accordance with General Statutes §§ 33-663 or 52-57(c), the court lacks jurisdiction. Therefore the Club's motion to dismiss is granted.
Howard F. Zoarski Judge Trial Referee