[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS DATED AUGUST 8, 2000 (#102)
The defendant raises two grounds to dismiss the plaintiff's action. CT Page 14985-aj Firstly noncompliance with Connecticut General Statutes 33-929 regarding service of process on foreign corporations. Connecticut General Statutes33-929 (b) provides:
 A foreign corporation may be served by any proper officer or other person lawfully empowered to make service by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in it application for a certificate of authority or its most recent annual report if the foreign corporation: (1) Has no registered agent or its registered agent cannot with reasonable diligence be served; (2) has withdrawn from transacting business in this state under section 33-932; or (3) has had its certificate of authority revoked under section 33-936.
The essence of this statute is service by registered or certified mail return receipt request addressed to the secretary of the foreign corporation.
The uncontroverted evidence is that the sheriff mailed the writ summons and complaint addressed as follows:
 Merex Food Corporation 1120 Saw Mill River Road Yonkers, New York 10710
Obviously, the mail was not addressed to the "secretary" of the foreign corporation. Therefore service has not been made pursuant to Connecticut General Statutes 32-929 (b). Despite the practical effects of the plaintiff's investigation into the status of the foreign corporation's secretary, the plaintiff is not entitled to change the mandates of Connecticut General Statutes 33-929 (b) to accommodate the case at hand.
See Estate of Gartland v. Doucette, Superior Court, Judicial District of Stamford/Norwalk at Norwalk, Docket No. 01677971 (Jun. 1, 1999, D'Andrea, J.). Nelson v. Stop Shop Cos., 75 Conn. App. 637, 641
(1991), Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 166, n. 8 (1989), Board of Education v. Local 1282, 31 Conn. App. 629, 632 (1993).
The defendant also claims late return. However a review of the records of the clerks office indicates that the writ, summons and complaint was returned to court on July 5, 2000 thereby complying with Connecticut CT Page 14985-ak General Statutes 32-46 (a).
The motion to dismiss is granted due to non-compliance with Connecticut General Statute 33-929 (b).
JOHN W. MORAN, JUDGE