[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION #101 MOTION TO DISMISS
The plaintiff in this matter asserts that on January 22, 2000, he sought medication (Dexedrine) from the defendant hospital and the individual named defendant. He further asserts his request was "maliciously rejected" by the defendants. The plaintiff also asserts that he was involuntarily confined, unlawfully imprisoned and involuntarily medicated by the defendant hospital.
The file indicates that on February 7, 2002, the defendant, Sun King Wan, M.D., was served by a State Marshal:
By leaving a true and attested copy of Writ, Summons and Complaint with my doings thereon endorsed.
 In the hands of: KAREN LEPPO PERSON IN CHARGE AT TIME OF SERVICE FOR NEW ENGLAND HEART CENTER AND WAN, SUN KING M.D. AT 483 MIDDLE TURNPIKE WEST MANCHESTER, CT. 06040.
Curiously, the file also indicates that a state Marshal also served process on the defendant, Sun King Wan, M.D. on February 8, 2002, in the following manner:
 ". . . a true and attested copy of the original writ, summons, complaint, order and application at the office of the within named defendant Sun King Wan, M.D., in the said town of Manchester."
Defendant, Sun King Wan, M.D., appeared in this matter on February 27, 2002, and filed the instant motion to dismiss for lack of personal jurisdiction on February 28, 2002. The defendant's motion also asserts that the matter should be dismissed for reason that the plaintiff failed to attach a "Good Faith Certificate" to the complaint.
Sec. 10-30 of the Connecticut Practice Book concerns the motion to dismiss. It provides that:
Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs. CT Page 3568
The Court notes that the instant motion was filed within thirty (30) days of the defendant Dr. Wan filing his appearance.
Section 10-31 of the Connecticut Practice Book concerns the grounds of a motion to dismiss. Subsection 10-31 (a)(2) provides that a motion to dismiss shall be used to assert the lack of jurisdiction over the person.
Subsection 10-31 (b) provides that:
 Any adverse party who objects to this motion shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record.
Upon completing its examination of the file, the Court notes that no objection to the motion to dismiss has been filed as of this date and time.
Section 52-54 of the Connecticut General Statutes concerns the service of summons.
This statute provides that:
 The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode.
 When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left.
Section 52-57 of the Connecticut General Statutes concerns the manner of service of process in this state. Subsection 52-57 (a) of this statute provides that:
Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, CT Page 3569 with the defendant, or at his usual place of abode, in this state.
It is well settled law in this state that where a statute provides a method of how service is to be made upon an individual or entity, the provisions of the statute must be followed.
 Where a particular method of serving process is pointed out by statute, that method must be followed.
 Board of Education v. Local 1282, 31 Conn. App. 629, 632 (1993) (citations omitted).
The Marshals' Return of Service in this matter indicate the defendant, Dr. Wan was served either or February 7, 2002, by a state Marshal "leaving a true and attested copy of Writ, Summons and Complaint with [his/her] doings thereon endorsed . . . [I]n the hands of: Karen Leppo, person in charge; or on February 8, 2002, by a state Marshal leaving "a true and attested copy of the original writ, summons, complaint, order and application at the office of the . . . defendant Sun King Wan, M.D., in the . . . town of Manchester." Either way the service as shown in the Marshals' Returns does not comply with the provisions of § 52-54
C.G.S., or § 52-57 C.G.S.
The second issue raised by the defendant is that the plaintiff did not attach a "Good Faith Certificate" to the complaint. However, since the Court reaches the conclusion that it does not have personal jurisdiction over the moving party, it does not address this issue at this time.
For the foregoing reasons, the Court finds that it does not have personal jurisdiction over the defendant Sun King Wan, M.D. The motion to dismiss the complaint as to said defendant is granted.
 ___________________ Richard A. Robinson, J March 19, 2002