[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiffs Mark E. Christensen, Mary D. Christensen, and Dorothy B. Christensen appeal the decision of the defendant zoning board of appeals of Avon granting a variance of the zoning regulations of the town to defendants Wheeler Service Corporation (Wheeler) and Audrey V. Thompson. The plaintiffs' appeal was brought pursuant to Conn. Gen. Stats. Sec. 8-8. Defendants Wheeler and Thompson move to dismiss the appeal. The court finds the issues in favor of the defendants.
The defendants base their motion to dismiss on a series of errors committed by the plaintiffs in the institution of the appeal and their contention that the plaintiffs' efforts to correct those errors were ineffective.
The essential facts are not in dispute. The plaintiffs commenced the appeal by serving a civil summons (form JD-CV-1), a separate citation, and the appeal on all defendants on October 4, 2002. The summons and the separate citation both designated the Superior Court of the judicial district of New Britain as the court to which the appeal was returnable and October 29, 2002 as the return date.
As a result of some confusion at the clerk's office in New Britain, the plaintiffs ultimately returned the appeal papers to the court at Hartford on October 25, 2002. At that point, therefore, the appeal had been returned to a court different from that designated in the summons and citation and, more seriously, it had been returned less than six days prior to the specified return date, in violation of Conn. Gen. Stats. Sec. 52-46a.
The plaintiffs thereupon sought to rectify these defects by amending the documents. Relying on Conn. Gen. Stats. Sec. 52-72, they filed in the Hartford court an "Amendment as of Right to the Appeal and Complaint." In the amendment, the plaintiffs state that they are "amending, where CT Page 1463 applicable, the return date to state `November 12, 2002,' and the plaintiffs are amending the designation (of the judicial district and court address) to state, respectively, `Judicial District of Hartford at Hartford' and '95 Washington Street, Hartford, CT 06106.'" The amendment then states, "A copy of the first amended appeal and complaint is attached hereto." The attachment consists of a JD-CV-1 form indicating the above changes and the original complaint, similarly changed. It does not include an amendment to the separate citation.
The plaintiffs filed the amendment on November 1, 2002, and mailed copies by first class mail to all defendants. They did not serve the amendment in the same manner as other civil process; that is, by a proper officer or indifferent person in hand or at the defendant's abode, in accordance with the provisions of Conn. Gen. Stats. Secs. 52-54 and 52-57.
At that point, November 1, 2002, there was on file in the Hartford court an amended CV-JD-1 form indicating the Hartford court as the venue and a return date of November 12, 2002, plus the original separate citation indicating the New Britain court as the venue and a return date of October 29, 2002. The only changes in the amended appeal are in the substitution of a docket number for the October return date and the substitution of the Hartford court for the New Britain court in the heading.
Conn. Gen. Stats. Sec. 52-72 provides, in relevant part, "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . . (b) Such amended process shall be served in the same manner as other civil process . . ."
The plain language of the statute requires that an amendment to process be served with the same certainty and formality as the original process. "Where a particular method of serving process is pointed out by statute, that method must be followed . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Education v. Local #1282, 31 Conn. App. 629
(1993). See also 1 Stephenson, Conn. Civ. Proc. (2d Ed.), Sec. 106, pp. 438-39; Brandriff v. Sellas, 40 Conn.Sup 243, 244-45 (1985), holding that the service requirements of Sec. 52-72 must be strictly followed.
Although Section 52-72 has repeatedly been held to be remedial and susceptible to broad interpretation, the court cannot overlook the statute's clear directive as to the required method of implementation. Since service of the amendment in this case did not comply with the statute, the amendment is of no effect. CT Page 1464
Even if the defect in the service of the amendment could be overlooked, the content of the amendment would not accomplish the change in the return date and venue that the plaintiffs sought. As noted, the plaintiffs' amendment concerned only the JD-CV-1 form; it did not change the citation, which still included the original defective return date and venue. The use of the JD-CV-1 form, although not approved by the Practice Book (Section 8-1), is not necessarily fatal to the court's jurisdiction. Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356-57
(1986). In that case, the Supreme Court held that the JD-CV-1 form, as completed in that case, contained the essential elements of the required citation, and its use, in the absence of any demonstrable prejudice to the defendant, would not be cause for dismissal.
In the present case, the amended JD-CV-1 form may at best be considered only part of the "citation." The original unamended citation, showing a different return date and venue, remained part of the citation in the case. The most liberal interpretation of the plaintiffs' situation on November 1, 2002, therefore, is that the "citation" indicated contradictory return dates and venues. It does not, therefore, give the defendant the requisite precise notice of the proceedings that is the essence of the purpose of the citation. Chestnut Realty, Inc. v. CHRO,supra, 201 Conn. 357.
Having found that the amendment was improperly served and was flawed in content, the court concludes that it is a nullity. It follows that the appeal was returned to court beyond the statutory deadline, based on the original return date of October 29, 2002. It follows, further, that the court lacks subject matter jurisdiction.
The appeal is dismissed.
Maloney, J.T.R. CT Page 1465